664 So.2d 726 (1995)
Rodney BREAUX, Plaintiff-Appellant,
v.
Wilfred HOFFPAUIR and Louisiana Worker's Compensation Corporation, Defendants-Appellees.
No. 95-393.
Court of Appeal of Louisiana, Third Circuit.
November 8, 1995.
Writ Granted February 7, 1996.
Michael Benny Miller, Crowley, for Rodney Breaux.
David Keith Johnson, Baton Rouge, for Wilfred Hoffpauir.
Before THIBODEAUX and WOODARD, JJ. and KNIGHT [*], J. Pro Tem.
WOODARD, Judge.
This is a worker's compensation case in which claimant, Rodney Breaux, appeals.

FACTS & ACTIONS OF TRIAL COURT
At the worker's compensation hearing, plaintiff, Rodney Breaux, and defendant, Wilfred Hoffpauir, stipulated that: (1) *727 Breaux was Hoffpauir's employee and in the course and scope of his employment when he was injured; (2) at the time of trial, Breaux was entitled to, and receiving, worker's compensation temporary total disability benefits; and (3) as an employee of Hoffpauir, Breaux was paid $240.00 a week in wages.
The issues tried before the administrative hearing officer were:
(1) whether Breaux's benefit rate should be computed based on the federal minimum wage standard, rather than the wages he was actually paid;
(2) whether the diagnostic testing, recommended by Dr. Gregory Gidman, was reasonable and necessary;
(3) whether the defendant-insurer, Louisiana Worker's Compensation Corporation, violated La.R.S. 23:1125;
(4) whether the insurer violated La.R.S. 23:1127;
(5) whether the insurer was arbitrary and capricious because it did not pay benefits timely.
On December 17, 1994, the hearing officer ruled as follows: (1) Breaux was entitled to the diagnostic testing recommended by Dr. Gidman, and the insurer was sanctioned $5,000.00 in attorney's fees for arbitrarily and capriciously refusing to authorize it; (2) the insurer violated R.S. 23:1125 and was sanctioned with penalties and attorney fees; (3) all of Breaux's other claims were dismissed with prejudice.
Breaux appeals the hearing officer's ruling dismissing his claims.

ASSIGNMENTS OF ERROR
The plaintiff specifies three assignments of error:
1. The hearing officer erred in failing to enter judgment in favor of Mr. Rodney Breaux, awarding Mr. Breaux temporary total disability benefits.
2. It was error for the hearing officer to fail to award weekly compensation benefits to Rodney Breaux in the amount of $249.33 per week.
3. The hearing officer erred in failing to award Rodney Breaux damages and attorney fees, resulting from defendants' disclosure of Breaux's medical records to third persons.

LAW & DETERMINATION

Assignment of Error No. One:
By this assignment of error, Breaux complains that even though the parties stipulated that he was entitled to, and receiving, temporary total disability benefits, and the hearing officer took cognizance of the stipulations when they were made, nevertheless, she did not issue a ruling recognizing this. Instead, she dismissed all remaining claims with prejudice.
This was obviously an oversight by the hearing officer. The record substantiates that the parties so stipulated, and the defendants do not contest that the hearing officer erred on this point.
Thus, we find that this assignment has merit.

Assignment of Error Number Two:
Breaux claims by this assignment of error that the hearing officer erred because she computed his benefit rate based on the actual wages he was paid rather than on the wages he should have been paid under the federal minimum wage standard law.
The hearing officer based her ruling on a plain reading of La.R.S. 23:1021(10). That provision states that "`[w]ages' means average weekly wage at the time of the accident." The language of that provision, taken in context and as a whole, contemplates wages to be remuneration actually paid the claimant. For instance, the phrase "... [if] the employee is paid [emphasis added] ...," is ubiquitous throughout the parts of the statute dealing with the calculation of an average weekly wage.
We have found no state statute or case directly on point. Neither, apparently, has the plaintiff, as he brings none to this court's attention. However, federal law disposes of the matter. 29 U.S.C. § 206, § 216. Section 206 specifies who must be paid minimum wage; section 216 states that an aggrieved employee may seek either judicial remedy or federal administrative relief. Legal action *728 may be brought "in any Federal or State court of competent jurisdiction." The Louisiana Office of Worker's Compensation is neither a state court nor an administrative apparatus of the United States Secretary of Labor. If Breaux believes he has a minimum wage claim, he should bring it to the appropriate forum so that it can be tried on the merits. The Louisiana Office of Worker's Compensation is not that proper forum. Thus, this assignment of error has no merit.
Assignment of Error No. Three:
Breaux argues that the hearing officer erred in finding, in one instance, that a violation under La.R.S. 23:1127 did not warrant an award of damages and attorney fees, and, in another instance, that a violation of the statute had not occurred.
Breaux contends that the defendant-insurer breached the confidentiality provision of La.R.S. 23:1127 by providing medical records to Lisa Barton, a medical management nurse, and to the utilization review panel hired by the insurer to review the medical necessity of a proposed course of treatment. Section 1127 allows a health care provider to release medical information and records to the employee, employer, insurer, or their agents or representatives. It also mandates sanctions if the employer or insurer breaches confidentiality as to any such records it receives and if the claimant has suffered actual damages.
The hearing officer ruled that the defendant insurer violated the provision in releasing medical information to Lisa Barton because she was "not associated with the employer or its insurer." However, the hearing officer found the violation to be only "technically a breach ... [and that] there was no evidence of actual damages sustained by Mr. Breaux as a result the violation of the statute." Thus, she awarded no monetary damages or attorney fees. We find that the record supports this ruling. No evidence was introduced at trial that supports a finding that Breaux suffered "actual damages," as plainly required by the statute.
The hearing officer also ruled that the defendant insurer did not violate La.R.S. 23:1127 by providing medical information to the utilization review company. Basically, she found that because the director of the Office of Worker's Compensation could authorize a utilization review process (La.R.S. 23:1291) to determine "the necessity, advisability, and cost of proposed ... medical or surgical treatment, ..." that mandate must perforcely include the receipt and review of medical information by medical personnel, which, the hearing officer found, was the case before her. Obviously, the review panel cannot do its job if it cannot obtain medical information.
Plaintiff really does not dispute this finding. Instead, he engages in a lengthy criticism, both general and specific, of the utilization review process. However, his specific complaints as to the misuse of the process, were recognized and approved by the hearing officer when she awarded $5,000.00 in attorney fees.
In worker's compensation cases, the appropriate standard of review to be applied by appellate courts is the manifest error-clearly wrong one. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706. We cannot conclude that the hearing officer was clearly wrong in finding that Breaux was not entitled to damages or attorney fees under R.S. 23:1127. Therefore, this assignment of error is meritless.

CONCLUSION
The judgment of the worker's compensation hearing officer is affirmed as amended to include that the parties at trial stipulated that the plaintiff was entitled to, and receiving, temporary total disability benefits. In all other particulars, the hearing officer is affirmed. Costs of this appeal are assessed to plaintiff and defendants equally.
AFFIRMED AS AMENDED.
NOTES
[*] Judge William N. Knight of the Thirty-first Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.