| iPETERS, Judge.
Chet States filed this claim for workers’ compensation benefits, penalties, and attorney fees, alleging that he sustained an injury to his neck, right arm, hand, and back as a result of lifting boxes of meat in the course and scope of his employment with Albert-son’s, Inc., at its Lafayette, Louisiana store. At the hearing on the matter, the issues included the proper amount of States’ indemnity benefits and his entitlement to penalties and attorney fees. The workers’ compensation judge held in favor of Albertson’s, and States has appealed. In his appeal, he contends that the workers’ compensation judge erred in (1) failing to recognize in the judgment that he was injured on December 26, 1991, in the course and scope of his employment; (2) failing to recognize in the judgment that he was entitled to temporary total disability benefits; |2(3) calculating his average weekly wage based on earnings of $9.50 per hour, rather than on $10.05 per hour; (4) ruling on the case prior to the introduction of all of the evidence; and (5) failing to award penalties and attorney fees.

Judgment

States first contends that the workers’ compensation judge failed to recognize in the judgment that he was injured in the course and scope of his employment with Albertson’s on December 26, 1991, and that he was entitled to temporary total disability benefits. The judgment is silent on these issues. However, as the hearing began, the parties stipulated that States sustained a compensable injury in the course and scope of his employment on or about December 26, 1991. Additionally, in her reasons for judgment, the workers’ compensation judge stated that there was no dispute in this regard and that there was no dispute regarding States’ entitlement to indemnity benefits. At the time of trial, States was receiving temporary total disability benefits in the amount of $286.38. After recognizing these matters as nonissues, the workers’ compensation judge decided the contested issues, including the proper calculation of indemnity benefits and States’ entitlement to penalties and attorney fees. The decisions on these issues were specifically addressed in the judgment. The determination that States sustained a com-pensable injury was implicit in the judgment on the contested issues. Therefore, we conclude that the workers’ compensation judge did implicitly rule on the issues of a compen-sable injury and entitlement to disability benefits but simply inadvertently failed to include an award for temporary total disability benefits in the final judgment. Thus, we amend the judgment to include a judgment in favor of States, awarding him temporary total disability benefits until further orders of the appropriate court of competent jurisdiction. See LeJeune v. Trend Servs., Inc., 96-550 (La.App. 3 Cir. 6/4/97); 699 So.2d 95, on reh’g.
| ^Proper Calculation of Indemnity Benefits
By this assignment of error, States contends that the workers’ compensation judge erred in calculating his average weekly wage based on earnings of $9.50 per hour instead of $10.05 per hour.
States began working at the Lafayette Al-bertson’s store on October 28, 1991, having transferred on October 27, 1991, from an Albertson’s store located in Baton Rouge, Louisiana. While working at the Baton Rouge store, States had been paid $9.50 per hour. However, according to the Baton Rouge store records, he received a pay-rate increase from $9.50 to $10.05 per hour effective October 18,1991, or prior to his transfer to the Lafayette store.
Based on an employee status report at the Lafayette store, showing that States was earning only $9.50 per hour on his last day of employment in Baton Rouge, Albertson’s paid States $9.50 per hour for the entire time *1099 he worked at the Lafayette store, including the date of injury. This status report was signed by Bryan Broussard, the Lafayette store’s manager, on November 22, 1991. However, an employee status report from the Baton Rouge store introduced into evidence reflected that he had been given an increase in pay to $10.05 per hour, effective October 18,1991. Broussard testified that he intended to pay States the same rate he had been paid at the Baton Rouge store and that had he been aware of the Baton Rouge employee status report, he would have paid States $10.05 per hour. States testified that he was told by Tommy Raynaud, apparently the meat-market manager for Albertson’s, that he was going to get a raise. However, Broussard testified that States never complained that his paychecks were inaccurate.
The workers’ compensation judge found that she lacked jurisdiction “to decide Uthe wage dispute,” and further concluded that since States was actually paid $9.50 per hour in the four full weeks prior to the date of loss, Albertson’s correctly calculated his indemnity benefit based on the wage of $9.50 per hour.
In the case of Breaux v. Hoffpauir, 95-2933 (La.5/21/96); 674 So.2d 234, the supreme court addressed the question of whether “wages” as used in La.R.S. 23:1221(1)(a) (temporary total disability) should be interpreted to require that benefits be calculated based on the federal minimum wage where a claimant’s actual weekly wage was in violation of the federal minimum wage laws. In that ease, this circuit had affirmed the workers’ compensation judge’s ruling that “wages” meant actual wages and had concluded that the Louisiana Office of Workers’ Compensation was not the proper forum to decide the issue of the minimum-wage claim. See Breaux v. Hoffpauir, 95-393 (La.App. 3 Cir. 11/8/95); 664 So.2d 726. However, in reversing that holding, the supreme court determined that where an employee is paid less than he is due under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and is injured in an accident arising out of and in the course of his employment, the amount of workers’ compensation he is due under the Louisiana Workers’ Compensation Law should be based on what he should have been legally paid pursuant to the federal minimum wage.
La.R.S. 23:1310.3(E) provides that “[e]xcept as otherwise provided by R.S. 23:1101(D) and 1378(E), the hearing officer shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter.” In Breaux, the supreme court obviously found that it had subject matter jurisdiction since it decided the issue of the appropriate wage rate. We note that in that case, there apparently was no dispute that the employee was entitled to minimum wage or that the employer failed to pay the employee minimum wage. Likewise, in the ease at hand, there is no dispute |5that States should have been paid $10.05 per hour at the time of the accident, based on his employer’s own records. Thus, the failure to pay States $10.05 per hour was due to an administrative error and not a dispute over States’ entitlement to that amount. Since there was no dispute that States was entitled to $10.05 per hour, the workers’ compensation judge did not have to decide the appropriate wage rate under the employment contract. Rather, the workers’ compensation judge had to determine only the appropriate average weekly wage, and it is clearly within the province of the workers’ compensation judge to do so.
Although Breaux involved a federally-mandated wage rate rather than an employment agreement as to the wage rate, the reasoning in Breaux is applicable to the case at hand. In Breaux, the supreme court stated:
Allowing an employer who has failed to pay the wage required under the federal minimum wage laws to further take advantage of its illegal actions by obtaining a judgment of a court of this state awarding compensation benefits calculated on the illegal wage paid is an absurd consequence which the legislature certainly could not have intended. Although failure to pay the legal wage under the Fair Labor Standards Act constitutes a violation of a federal law, the legislature, had it contemplated this situation, would undoubtedly desire that an award of benefits under state law not perpetuate or further an illegality under federal law. Since the legislature is *1100 presumed never to have intended absurd results and it is the duty of this court to restrict broad statutory language if it is convinced the legislature did not intend such effect ... we believe the term “wages” as used in La.R.S. 23:1221(l)(a) contemplates that where a claimant was receiving less than he was due under the Fair Labor Standards Act, his benefits under the Workers’ Compensation Act must be calculated using the federal minimum wage. To hold otherwise would contradict the strong public policies behind the Workers’ Compensation Act and the Fair Labor Standards Act_
[[Image here]]
As we previously noted herein, one of the primary purposes of the Workers’ Compensation Act is to keep the injured employee’s family from destitution. To hold that an injured worker’s benefits should be based on his actual wages even when those actual wages fell below the amount of wages that claimant was entitled to under the Fair Labor Standards Act would not protect the worker and could condemn the injured worker and his family to poverty. Moreover, another purpose of workers’ compensation benefits is to compensate an injured worker not Uonly for lost wages, but also for reduced or lost earning capacity. If benefits are intended to replace lost earning capacity and the minimum legal earning capacity of any worker, subject to limited exceptions, is the federal minimum wage, it logically follows that the federal minimum wage law is implicit in the term “wages” as it is used in the Act.
Breaux, 674 So.2d at 237-38 (citations omitted).
Interestingly, Breaux buttressed its conclusion by comparing wage calculation under a private agreement, as in the instant ease, with wage calculation for purposes of federal law, quoting 2 Arthur Larson, Wojxkmen’s Compensation Law § 60.11(d) (omitting footnotes) as follows:
Suppose, for example, that the employer, having agreed to pay a certain wage, then simply refused to pay the claimant anything at all. Suppose at the time of hearing the claimant had in fact not been paid a single dollar for his work, although under his agreement with the employer he was entitled to receive $200 a week. Obviously no court would hold that the employee’s “average weekly wage” for that period was zero. Yet the situation is somewhat similar. In both instances it becomes necessary to use as a basis for wage calculation, not what the employee was in fact paid, but what he was entitled in law to be paid, in the one instance by private agreement, and the other instance by federal law.
Id. at 238.
In the instant case, Stutes was entitled in law, by private agreement, to be paid $10.05 per hom’. To hold that States’ “wages” are to be calculated on the $9.50 rate would be to go against the policy of liberal construction of the Workers’ Compensation Law, to promote a breach of the contractual wage agreement, and to deny Stutes the replacement of his lost earning capacity. While Stutes failed to bring the pay-rate discrepancy to the attention of Albertson’s prior to the date of injury, Albertson’s has not been injured thereby. Additionally, as stated in Breaux, one of the primary purposes of the Workers’ Compensation Law is to provide protection to workers. It would go against that purpose to penalize the employee by imputing the employer’s administrative error to him.
|7Therefore, we hold that States’ “wages” should be based on an hourly wage rate of $10.05 per hour. The weekly benefit amount derived from using that hourly wage rate in the appropriate calculations exceeds the statutory maximum, and therefore, we award the difference between what he received and the maximum compensation rate at the time of States’ injury, $295.00 per week. See La. R.S. 23:1021(10)(a); La.R.S. 23:1202. We award Stutes temporary total disability benefits of $295.00 until further orders of the appropriate court of competent jurisdiction.

Penalties and Attorney Fees

Stutes contends that the workers’ compensation judge erred in failing to find that he was entitled to penalties and attorney fees based on his employer’s failure to pay the proper compensation rate, failure to timely *1101 pay certain weekly compensation benefits, and failure to authorize and pay for certain medical treatment.
Where there is a serious defense presented in good faith, it is not proper to assess statutory penalties and attorney fees. Clifton v. Ditto’s Apparel, 95-1654 (La.App. 3 Cir. 5/8/96); 673 So.2d 1372, writ denied, 96-1478 (La.9/20/96); 679 So.2d 437. We find that States is not entitled to penalties and attorney fees for the failure to pay the proper wage rate since the legal issue involved in determining the proper wage rate under the facts of this case was not settled in the jurisprudence. Breaux, 674 So.2d 234, did not involve the exact facts in this case, and the employer’s interpretation of the law, although erroneous, was not unreasonable.
Additionally, we do not find that States is entitled to penalties for the failure to timely authorize physical therapy as recommended by Dr. Michel E.- Heard, an orthopedic surgeon, or for the failure to timely pay a medical bill from Dr. Robert Martinez. At the time of the accident, La.R.S. 23:1201(E) provided for a twelvejpercentg penalty “[i]f any installment of compensation” was not timely paid. That statute was amended by Acts 1992, No. 1003, § 1, effective January 1, 1993, to provide for penalties if “any compensation or medical benefits” were not timely paid. This court has held that La.R.S. 23:1201 did not provide authority for awarding a penalty for failure to pay medical benefits if the accident occurred pri- or to the effective, date of the 1992 amendment. See Broussard v. West-Cal Constr. Co., 96-18 (La.App. 3 Cir. 6/12/96); 676 So.2d 743. Since the accident in the instant case occurred prior to the effective date of the 1992 amendment, penalties are not due on the failure to authorize physical therapy or on the failure to pay Dr. Martinez’s medical bill.
However, we find that the workers’ compensation judge erred in failing to award penalties for the late payment of compensation benefits. A payment ledger that included compensation payments that were not timely paid was introduced as an exhibit at trial. This exhibit clearly establishes that weekly benefits were not timely paid from the beginning of the claim. The delays in paying benefits varied from two weeks to twelve weeks, and Albertson’s has not provided a reason for the failure to timely pay these benefits. In fact, Albertson’s actually tendered a partial payment of penalties with one of its larger benefit checks. Thus, penalties of twelve percent should have been awarded on the amount of the untimely-paid benefits. We award those penalties, subject to a credit for penalties previously paid.
Turning to the question of attorney fees, we note that at the time of the accident, La.R.S. 23:1201.2 provided for attorney fees for the failure to pay claims within sixty days after receipt of written notice when the failure was found to be arbitrary, capricious, or without probable cause. The record does not contain evidence that written notice of the late compensation payments was given to Albertson’s. Additionally, States seeks attorney fees for the failure to pay Dr. Martinez’s bill. 19Assuming this bill was not paid, we have not found a demand letter for payment of this bill. Thus, we affirm the denial of attorney fees on the compensation payments and Dr. Martinez’s medical bill.
However, it appears that written demand was made for the physical therapy recommended by Dr. Heard. La.R.S. 23:1201.2 provided for attorney fees for the failure to pay the amount of any “claim” due. Thus, attorney fees may be awarded for the failure to pay physical therapy.
In 1996, Dr. Heard, who was States’ treating physician, recommended physical therapy for States. While Albertson’s did pay for some physical therapy in 1996, it refused to authorize Dr. Heard’s recommendation for more, apparently based on its utilization review. Albertson’s filed a motion to compel States’ attendance at an independent medical examination by an orthopedic surgeon of its choice. On December 9, 1996, the workers’ compensation judge granted the order. Just prior to the date of trial, January 15, 1997, States had the IME. At the end of the trial, the workers’ compensation judge stated that she would allow Albertson’s to file the IME report in the record but that she was not going to hold the matter open pending that *1102 submission because she did not need it to make a decision. We have not found that the IME report was ever submitted.
In any event, this court has held that an employer may avoid penalties and attorney fees if it relies upon competent medical advice when it decides not to guarantee the payment of a recommended medical treatment. Harrington v. Coastal Constr. & Eng’g, 96-681 (La.App. 3 Cir. 12/11/96); 686 So.2d 467, writ denied, 97-0109 (La.3/7/97); 689 So.2d 1375. In other words, the employer must rely on competent medical advice when the decision to deny the medical treatment is made. Id. Harrington also involved an employer’s denial of physical therapy that had beenjioreeommended by the claimant’s treating physician. The employer in that case sought a second medical opinion examination. The employee sought penalties and attorney fees, which the workers’ compensation judge denied on the basis that the employer’s request for a second medical opinion examination demonstrated its good faith effort to ascertain the exact nature of the employee’s medical condition and on the basis that it would ostensibly give the employer another opinion regarding the appropriateness of the recommended treatment. This court stated: “This determination is erroneous because it looks to actions taken after the denial of treatment to support the denial of treatment. Medical treatment may only be denied based on competent medical advice.” Id. at 459-60. Additionally, this court in Harrington noted that the employee’s request for physical therapy had been denied by a nurse who had not examined him, based on information that was, at best, questionable. This court found that such evidence did not constitute competent medical advice sufficient to avoid penalties and attorney fees.
Likewise, in the ease at hand, Albertson’s may not avoid attorney fees based on its attempt to determine States’ status through an IME. Additionally, we have not found in the record that any physician examined States after the request for physical therapy and advised that physical therapy was not necessary. Therefore, the workers’ compensation judge erred in denying attorney fees in this regard. Thus, we award attorney fees of $5,000.00 for the failure to authorize physical therapy.
Additionally, States contends that the workers’ compensation judge erred in ruling on the issue of penalties and attorney fees prior to the introduction of a legible payment schedule. At trial, a payment ledger was introduced as an exhibit, but certain dates recorded on the ledger were illegible. Before judgment was rendered, States filed a motion to have Albertson’s produce a clear copy of the ledger that showed all of the dates. The workers’ compensation judge granted the order but rendered |njudgment prior to the production of the legible ledger. We need not address this issue because our opinion on the issue of penalties and attorney fees has made this issue moot.
DISPOSITION
For the foregoing reasons, we amend the judgment to award States temporary total disability benefits in the amount of $295.00 until further orders of the appropriate court of competent jurisdiction. We award back-due benefits of the difference between $286.38 and $295.00. We further award statutory penalties on the amounts of the untimely-paid benefits and attorney fees in the amount of $5,000.00. All costs are taxed against Albertson’s, Inc.
REVERSED IN PART, AMENDED IN PART, AFFIRMED IN PART, AND RENDERED.