774 So.2d 361 (2000)
Charles Lee RICHARD
v.
WORKOVER & COMPLETION.
No. 00-794.
Court of Appeal of Louisiana, Third Circuit.
December 6, 2000.
*362 Michael Keith Leger, DeJean, DeJean & Leger, Opelousas, LA, Counsel for Charles Lee Richard.
Travis Ron LeBleu, Egan, Johnson and Stiltner, Baton Rouge, LA, Counsel for Workover & Completion.
Court composed of Judges COOKS, AMY and PICKETT.
AMY, Judge.
Employee sued his employer for workers' compensation benefits after suffering a leg injury as a result of an alleged work-related accident. The Worker's Compensation Judge determined that the employee had been involved in an accident, and awarded him lost wages and out-of-pocket medical expenses as well as penalties and *363 attorney's fees. The employer appealed. Employee answered the appeal and asserted a claim for additional penalties and attorney's fees. For the following reasons, we affirm in part and reverse in part.

Factual and Procedural Background
Charles L. Richard was employed by Workover & Completion Services (Workover) to work as a roughneck on land workover rigs in 1984. This matter arose during the work week ending on Friday, June 12, 1998, when Mr. Richard alleges that he was involved in a work-related accident. Mr. Richard claimed that his left leg had begun to swell on Tuesday or Wednesday of that week. He stated that due to the rainy conditions, he was required to wear rubber boots which irritated the skin around the ankle of his swollen left leg by rubbing back and forth on the ankle while he was working. Mr. Richard alleges that as a result of the rubbing of the boot on his swollen leg, an ulcer formed near his ankle on the following Saturday. Mr. Richard testified that he contacted Ray Bergeron, the owner of Workover, and advised him of the injury and told Mr. Bergeron that he would not be returning to work on Monday. Thereafter, Mr. Richard sought medical attention regarding the ulcer on June 17, 1998. The treating physician placed Mr. Richard's leg in a cast boot which was to be worn for five weeks and he also recommended that Mr. Richard participate in physical therapy. At some point in October of 1998, Mr. Richard contacted Workover and notified them of his injury, the resulting medical bills, and of his belief that the boot-rubbing incident was an accident covered by workers' compensation. Workover submitted the information given by Mr. Richard to its workers' compensation insurer, Louisiana Workers' Compensation Corporation (LWCC).
On December 1, 1998, Mr. Richard filed a 1008 Disputed Claim Form requesting payment of lost wage benefits and medical expenses. Further, Mr. Richard claimed that statutory penalties and attorney's fees should be assessed against Workover for its arbitrary and capricious handling of his claim. A hearing on the matter was held September 2, 1999. At the beginning of the hearing, the parties stipulated that: 1) Mr. Richard was in the course and scope of his employment at the time the alleged accident occurred; 2) LWCC was the workers' compensation insurer for Workover; 3) Mr. Richard was disabled from June 17, 1998, to July 24, 1998; 4) Mr. Richard's weekly salary was $420.44 which equaled a compensation rate of $280.04; and 5) Mr. Richard had incurred $246.04 in medical expenses. Thus, the only issues to be decided were whether Mr. Richard was involved in an accident, as defined by the Louisiana Workers' Compensation Act and whether Mr. Richard was entitled to penalties and attorney's fees. After receiving the evidence, the workers' compensation judge found that the boot-rubbing incident was an accident and awarded Mr. Richard workers' compensation benefits in accordance with the parties' stipulations. The workers' compensation judge also ordered Workover to pay $2000.00 in penalties and $5000.00 in attorney's fees, finding the employer arbitrarily and capriciously refused to pay Mr. Richard's medical and indemnity benefits. From that judgment, Workover appealed. Mr. Richard answered the appeal, asserting a claim for additional penalties and attorney's fees.

Discussion of the Merits
A workers' compensation judge's findings of fact are subject to a manifest error or clearly wrong standard of review. Johnson v. Transamerican Waste Co., 99-190 (La.App. 3 Cir. 6/2/99); 741 So.2d 764. In applying the standard of review, great weight is given the workers' compensation judge's factual findings, its reasonable evaluations of the witnesses' credibility, and its reasonable inferences of fact. Dixon v. Louisiana Restaurant Ass'n, 561 So.2d 135 (La.App. 3 Cir.1990). See also Stobart v. State, Through the Dep't of Trans. & Dev., 617 So.2d 880 (La.1993).
*364 In order for a claimant to recover workers' compensation benefits, he or she must prove by a preponderance of the evidence that a work-related accident occurred, and that an injury was sustained. La.R.S. 23:1031. "A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident." Bruno v. Harbert Int'l Inc., 593 So.2d 357, 361 (La.1992). A workers' compensation judge's determination as to whether the worker's testimony is credible and whether the worker has meet his or her burden of proof are questions of fact, which will not be disturbed on appeal absent manifest error or unless they are clearly wrong. Bruno, Id.; Castille v. Leesville Lumber Co., 93-1091 (La.App. 3 Cir. 4/6/94); 635 So.2d 643, writ denied, 94-1147 (La.6/24/94); 640 So.2d 1351.

Accident
Workover alleges that the workers' compensation judge was manifestly erroneous in finding that Mr. Richard was involved in a work-related accident. It claims that Mr. Richard has failed to prove an "identifiable, precipitous event" which caused the ulcer to form on his leg. Moreover, it argues, that Mr. Richard's injury is a result of a gradual deterioration, not an accident.
La.R.S. 23:1021(1) defines "accident" as:
(1) "Accident" means an unexpected or unforseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
Although the definition of accident was amended to emphasize that the identifiable, precipitous event must be more than a gradual deterioration or progressive degeneration, jurisprudence holds that these terms do not exclude those instances where a worker can establish a work-related event, which may seem to be a customary or routine work activity, which results in an injury to the employee. Bryan v. Allstate Timber Co., 98-840 (La.App. 3 Cir. 12/16/98); 724 So.2d 853; Robin v. Schwegmann Giant Supermarkets Inc., 93-2310 (La.App. 1 Cir. 11/10/94); 646 So.2d 1030, writ denied, 95-202 (La.3/17/95); 651 So.2d 259; Guilbeaux v. Martin Mills, Inc., 93-1359 (La.App. 3 Cir. 5/4/94); 640 So.2d 472; writ denied, 94-1444 (La.9/23/94); 642 So.2d 1291; Dyson v. State Employees Group Benefits Program, 610 So.2d 953 (La.App. 1 Cir. 1992).
The record indicates that Workover has offered no direct evidence which discredits or casts serious doubt upon Mr. Richard's testimony regarding the causation of the ulcer on his leg. Mr. Richard testified that during the week ending June 12, 1998, he was required to wear rubber boots for three days due to the rainy work conditions, and during that time, he experienced a rubbing of the rubber boot on the lower portion of his left leg. He explained that although he noticed the rubber boot rubbing on his leg, and that his left leg continued to swell, he continued to work believing that if he finished the work week and was able to rest the leg, the swelling would go down. Thereafter, on the following Saturday, Mr. Richard testified that the red spot on his left leg, which was caused by the rubbing of the rubber boot, had formed into an ulcer which continued to worsen throughout the day.
The parties stipulated that Mr. Richard was in the course and scope of his employment at the time the alleged accident occurred, and Workover does not dispute the fact that an ulcer formed on the lower portion of Mr. Richard's left leg. However, Workover vigorously asserts that the incident described by Mr. Richard was not a sudden, identifiable, precipitous event, which would qualify as an accident, but *365 more akin to a gradual deterioration. In support of its contention, Workover argues the fact that it was not until several days after the boot-rubbing incident took place that the ulcer formed on Mr. Richard's leg.
Although the facts of this case present a close issue as to whether or not the cause of Mr. Richard's injury can constitute an accident as defined by La.R.S. 23:1021(1), after careful review, we find no manifest error in the workers' compensation judge's determination that Mr. Richard proved an accident occurred causing him injury while in the course and scope of his employment. We have considered the numerous qualifiers inserted by the legislature into the definition of what may be considered an accident. The legislative intent to limit those circumstances covered by La.R.S. 23:1021(1) is unmistakable. While the limiting language of the statute may place this particular incident on the periphery, giving deference, as we are bound to do, to the workers' compensation judge's decision on this factual question, we cannot say that the trier of fact was clearly wrong or manifestly erroneous.

Penalties and Attorney's Fees
In its last assignment of error, Workover alleges that the workers' compensation judge erred in awarding Mr. Richard penalties and attorney's fees. In Mr. Richard's answer to this appeal, he asserts that the trial court erred in failing to award two separate sets of penalties, i.e., penalties for the failure to pay Mr. Richard's medical bills and penalties for its failure to pay Mr. Richard indemnity benefits. Mr. Richard also requests additional attorney's fees for the appeal.
La.R.S. 23:1201(F) establishes that penalties and attorney's fees shall be assessed against an employer or its workers' compensation insurer for its failure to timely pay benefits, unless the claim has been reasonably controverted or nonpayment is a result of conditions over which the employer has no control. The Louisiana Supreme Court explained that:
[T]o determine whether the claimant's right has been reasonably controverted, thereby precluding the imposition of penalties and attorney's fees under La. R.S. 23:1201, a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed.
Brown v. Texas-La Cartage, Inc., 98-1063, p. 9 (La.12/1/98); 721 So.2d 885, 890.
The workers' compensation judge's written reasons for judgment reflect that he found that Workover had arbitrarily and capriciously refused to pay Mr. Richard medical and indemnity benefits, which warranted the imposition of penalties and attorney's fees.[1] After review, we find the workers' compensation judge erred in this determination. As stated previously, we find that in light of the particular facts of this case, a determination as to whether a work-related "accident" was the cause of Mr. Richard's ulcer is a close issue. Mr. Richard testified that his rubber boots had caused ulcers to form on his leg on three occasions several years earlier, and in those instances he merely would not report back to work until his leg was healed. He had never filed a claim for workers' compensation regarding the ulcers. Although, Workover knew the reason for Mr. Richard's absence from work, it was not until October 29, 1998, approximately four-months after the accident that Mr. Richard notified the owner of Workover regarding his belief that the ulcer was a result of a work-related accident. A formal workers' compensation dispute form was filed in *366 December. LWCC investigated the alleged accident and submitted the matter to mediation. LWCC took Mr. Richard's deposition and questioned him regarding the boot-rubbing incident and reviewed Mr. Richard's medical records which indicated that he had been treated for an ulcer on his left leg. Thereafter, LWCC opined that the event described by Mr. Richard was not an accident as contemplated by the Louisiana Workers' Compensation Act. The workers' compensation judge admitted, after receiving the same evidence that had been submitted by Mr. Richard to LWCC, that the case presented a close issue of whether the accident was an actual identifiable precipitous event and requested that the attorneys submit post-hearing memorandums on the issue.
We find that in this case, Workover had a reasonable basis to believe the case did not fall within the scope of the workers' compensation and, therefore, penalties and attorney's fees were erroneously imposed. See Stutes v. Albertson's Inc., 97-581 (La. App. 3 Cir. 10/29/97); 702 So.2d 1096, writ denied, 97-2967 (La.2/6/98); 709 So.2d 740. Accordingly, we reverse this portion of the judgment, and due to our holding on this issue, the relief requested by Mr. Richard in his answer to this appeal is denied.

DECREE
For the foregoing reasons, the judgment of the Office of Workers' Compensation is affirmed as to the award of benefits to Mr. Richard, and reversed as to the award of penalties and attorney's fees. All costs of this appeal are divided equally between the plaintiff, Charles L. Richard, and Workover & Completion Services.
AFFIRMED IN PART AND REVERSED IN PART.
NOTES
[1] See La.R.S. 23:1201.2, wherein the terms "arbitrary, capricious, or without probable cause" are used to set the standard in determining whether penalties and attorney's fees should be imposed against an employer or his insurer for "discontinuing payment" of workers' compensation benefits.