# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**06-1098**

TIMOTHY BUTTERFIELD

VERSUS

TURNER INDUSTRIES

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 3
PARISH OF CALCASIEU, NO. 04-3348
SAM LOWERY
WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, J. David Painter, and James T. Genovese, Judges.

**REVERSED AND RENDERED.**

**Brian L. Coody**
**P.O. Box 2900**
**Lake Charles, LA  70602**
**Counsel for Defendant-Appellant:**
        **Turner Industries**

**Mark Zimmerman**
**4216 Lake Street**
**Lake Charles, LA  70605**
**Counsel for Plaintiff-Appellee:**
        **Timothy Butterfield**

**PAINTER, Judge.**

Defendant, Turner Industries, appeals the judgment of the Workers' Compensation Judge (WCJ) finding that a compensable work injury occurred and awarding Plaintiff, Timothy Butterfield ("Butterfield"), weekly indemnity benefits, medical benefits, penalties, and attorney's fees. Finding that the evidence does not support the WCJ's ruling that Butterfield suffered a compensable work-related accident, we reverse the judgment of the WCJ and render judgment in favor of Defendant, Turner Industries.

### FACTUAL AND PROCEDURAL BACKGROUND

Timothy Butterfield was employed by Turner Industries from April 29, 1998, through April 21, 2004. His job required him to inspect and measure pipes, which involved carrying equipment up scaffolds, bending, stooping, and twisting. He normally worked alone.

Prior to becoming employed by Turner Industries, Butterfield underwent a cervical fusion performed by Dr. Dale Bernauer on February 27, 1997, following a neck injury received in 1996 while working offshore for Mike Hooks. Following this surgery, Butterfield did not return to work until April 29, 1998, when he became employed by Turner Industries. Butterfield contends that he performed his job duties without any significant problems until June 2002 when he returned to Dr. Bernauer with complaints of neck, left shoulder, and back pain. It is at this time that Butterfield contends that he first injured his back in the course and scope of his employment with Turner Industries. Dr. Bernauer performed surgery on Butterfield's shoulder on July 1, 2003. Following this surgery, Butterfield did not return to work for Turner Industries until mid-August 2003. Butterfield further contends that he

1

aggravated his back at work in December 2003 after bending over into a pipe rack in an awkward position and climbing down the scaffold. However, Butterfield continued to work at full duty. Butterfield returned to Dr. Bernauer on March 31, 2004. At an April 15, 2004 safety meeting, Butterfield told his supervisor that he slipped in the bathtub and hurt his back that morning. Butterfield also told his supervisor that he was having marital problems and would likely have to quit his job for a while to go to Oklahoma to try to resolve those problems. Despite that statement, Butterfield alleges that he was forced to quit working for Turner Industries on or about April 22, 2004, because of the worsening condition of his back. Butterfield contends that he did not know the extent of his back problems on April 15, 2004. Butterfield saw Dr. Bernauer on April 21, 2004, at which time Dr. Bernauer advised him of the need for a two-level lumbar fusion which would have a six-month recovery period.

Butterfield filed this claim for workers' compensation on May 14, 2004. Following trial, the WCJ rendered judgment in favor of Butterfield, finding that a compensable work injury occurred in December of 2003. The judgment awarded Butterfield the maximum weekly indemnity rate allowed at the time of the accident (which was $429.00) from the last day of his employment and payment of all reasonable and necessary medical care related to the on-the-job injury. The judgment also awarded penalties in the amount of $4,000.00 based on the finding that Turner Industries did not reasonably controvert the claim and was unreasonable in its denial of Butterfield's claim. Attorney's fees in the amount of $7,500.00 were also awarded. Defendant appeals, and Plaintiff has answered said appeal seeking an additional

2

award of attorney's fees for work done on appeal. For the reasons that follow, we reverse and render.

## DISCUSSION

*Standard of Review*

On appeal, Defendant asserts that the WCJ committed several "clear" or "reversible" errors in finding that a compensable work-related accident occurred based on its allegations that the WCJ made findings of fact based upon false information which was not in evidence. Thus, Defendant urges us to review this matter *de novo*. We disagree.

In *Dean v. Southmark Const.*, 03-1051, p. 7 (La. 7/6/04), 879 So.2d 112, 117, the supreme court stated:

> In worker's compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the "manifest error-clearly wrong" standard. *Brown v. Coastal Construction & Engineering, Inc.*, 96-2705 (La.App. 1 Cir. 11/7/97), 704 So.2d 8, 10, (citing *Alexander v. Pellerin Marble & Granite*, 93-1698, pp. 5-6 (La.1/14/94), 630 So.2d 706, 710). Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. *Alexander*, 630 So.2d at 710. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Robinson v. North American Salt Co.*, 02-1869 (La.App. 1 Cir. 2003), 865 So.2d 98, 105. The court of appeal may not reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Robinson*, 865 So.2d at 105. The determination of whether injury occurred in the course and scope of employment is a mixed question of law and fact. *Winkler v. Wadleigh Offshore, Inc.*, 01-1833 (La.App. 4 Cir. 4/24/02), 817 So.2d 313, 316 (citing *Wright v. Skate Country, Inc.*, 98-0217 (La.App. 4 Cir. 5/12/99), 734 So.2d 874).

This court, in *Monceaux v. R & R Const., Inc.*, 05-533, p. 6, (La.App. 3 Cir. 12/30/05), 919 So.2d 795, 799-800, *writs denied*, 06-585 (La. 5/5/06), 927 So.2d 325, 06-636 (La. 5/5/06), 927 So.2d 317, noted the following:

> The Louisiana Supreme Court, in *Bruno v. Harbert International Inc.*, 593 So.2d 357, 361 (La.1992), expounded on what proof will satisfy an employee's burden in proving a work-related injury:
>
> > A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. *West v. Bayou Vista Manor, Inc.*, 371 So.2d 1146 (La.1979); Malone and Johnson, *13 Louisiana Civil Law Treatise, Workers' Compensation*, § 253 (2d Ed.1980). Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Malone & Johnson, *supra*; *Nelson v. [Roadway Express, Inc.*, 588 So.2d 350 (La.1991)]. Corroboration may also be provided by medical evidence. *West*, *supra*.
>
> In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although the witness is a party, absent "circumstances casting suspicion on the reliability of this testimony." *West*, 371 So.2d at 1147; *Holiday v. Borden Chemical*, 508 So.2d 1381, 1383 (La.1987). **The trial court's determinations as to whether the worker's testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error.** *Gonzales v. Babco Farm, Inc.*, 535 So.2d 822, 824 (La.App. 2d Cir.), *writ denied*, 536 So.2d 1200 (La.1988) (collecting cases).

(emphasis added.)

Therefore, the standard of review in this case is clearly wrong/manifest error.

*Work-Related Accident*

Turner Industries asserts several assignments of error concerning the WCJ's finding that a compensable work-related accident occurred in December 2003. It is

4

Turner Industries' contention that the WCJ erred in finding that "having symptoms from a progressive degenerative condition is an accident on the job" and in finding that Butterfield met his burden of proving that an accident had occurred on the job because of Butterfield's lack of credibility, among other things. For the following reasons, we find that Butterfield failed to meet his burden of proof.

Louisiana Revised Statutes 23:1021(1) states:

> "Accident" means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.

In *Richard v. Workover & Completion*, 00-794, p. 4 (La.App. 3 Cir. 12/6/00), 774 So.2d 361, 364, this court recognized:

> Although the definition of accident was amended to emphasize that the identifiable, precipitous event must be more than a gradual deterioration or progressive degeneration, jurisprudence holds that these terms do not exclude those instances where a worker can establish a work-related event, which may seem to be a customary or routine work activity, which results in an injury to the employee. *Bryan v. Allstate Timber Co.*, 98-840 (La.App. 3 Cir. 12/16/98); 724 So.2d 853; *Robin v. Schwegmann Giant Supermarkets Inc.*, 93-2310 (La.App. 1 Cir. 11/10/94); 646 So.2d 1030, *writ denied*, 95-202 (La.3/17/95); 651 So.2d 259; *Guilbeaux v. Martin Mills, Inc.*, 93-1359 (La.App. 3 Cir. 5/4/94); 640 So.2d 472; *writ denied*, 94-1444 (La.9/23/94); 642 So.2d 1291; *Dyson v. State Employees Group Benefits Program*, 610 So.2d 953 (La.App. 1 Cir.1992).

The "injured employee must prove by a preponderance of the evidence that he suffered a 'personal injury by accident arising out of and in the course of his employment.'" *Monceaux*, 919 So.2d at 799 (citation omitted). "If the evidence leaves the probabilities evenly balanced, or if it shows only a possibility of a work-related event or leaves it to speculation or conjecture, then the plaintiff fails to carry his burden." *Millage v. Builder's Lumber & Supply Co.*, 38,635, p. 7 (La.App. 2 Cir.

5

7/2/04), 877 So.2d 1171, 1175, *writ denied*, 04-1885 (La. 10/29/04), 885 So.2d 594 (citation omitted). Furthermore, although we must afford great deference on appeal to factual findings from the court below, when they are "clearly wrong in light of the entire record," they must be reversed. *Id*. "[W]here objective evidence so contradicts an employee's testimony, or testimony is so internally inconsistent or implausible on its face that a reasonable factfinder would discredit the story, the reviewing court may well find manifest error or clear wrongness even in a credibility determination." *Hubbard v. Allied Bldg. Stores, Inc.*, 41,534, p. 5 (La.App. 2 Cir. 11/1/06), 942 So.2d 639,644. Such is the case here.

As this alleged accident was unwitnessed, we must decide whether "serious doubt" exists and whether Butterfield's testimony is corroborated by circumstances following the alleged December 2003 accident. Only Butterfield and Lori Owens, the claims representative from Gallagher Bassette Services, testified at trial. Butterfield's supervisor, Johnny Rosario, and a co-worker, Ronald Mhire, testified by affidavit. Butterfield's medical records from several providers were introduced into evidence. No treating physician testified; however, the deposition of Dr. Frank Robbins, which was taken in 1997 in connection with a different claim by Butterfield against another employer, was introduced into evidence.

Butterfield testified that he largely worked alone, and this accident was unwitnessed; however, Butterfield testified that it occurred in December 2003 when he was bending over into a pipe rack in an awkward position and climbing down the scaffold and that the pain began at that time. However, he did not report that he had a work-related injury or accident to his supervisor, Johnny Rosario. In fact, in deposition, Butterfield admitted that the first time he told anybody about this incident

6

was when he filed the claim for compensation. Butterfield did not deny that he had fallen in the bathtub on or about April 15, 2004, and hurt his back. He also admitted that he told his co-workers about that incident. Butterfield contends that he fell in the bathtub because his legs "gave out." In his deposition, Butterfield testified that he had not taken medication for back pain or gone to a doctor for back pain before he slipped in the bathtub. At trial, he recalled giving that testimony but stated that the testimony was false. Other medical records admitted into evidence show that he was treated for back pain in 1996 at the University of Texas Galveston after a fall and in 1999. Butterfield contends that Rosario knew about his back pain; however, Butterfield did not disclose his prior back injuries in his employment screening questionnaires for Turner Industries.

The records of Dr. Dale Bernauer do not indicate that Butterfield reported the alleged December 2003 work-related injury to him. These records reveal that Dr. Bernauer treated Butterfield in 1997 for a neck injury that required surgery, from 2002 to 2004 for a bone spur in the right shoulder that required surgery, and in June 2002 for complaints of lower back pain. Dr. Bernauer's records do not contain any complaint of Butterfield's legs being numb or "giving out" or any mention of the fall in the bathtub.

Butterfield also sought Social Security benefits in May 2004. In that application, he indicated that his onset of symptoms was April 21, 2004. He also told the physician who was assigned to examine him that his lower back pain had started two years ago after bending over at work. There was no mention of the December 2003 injury.

Butterfield contends that he was hesitant to inform his employer of the injury and did not want to file a claim for workers' compensation because he was scared that he would be fired.

After reviewing the record in its entirety, we conclude that the WCJ was clearly wrong in finding that Butterfield met his burden of proof. Based on the numerous inconsistencies in the testimony, we find that "serious doubt" exists and that there is a lack of corroborating evidence in the form of testimony or medical records in this case. In sum, Butterfield alone testified as to the occurrence of a work-related accident, and his version of events regarding the accident, and the events following it, is squarely at odds with the evidence in this case. Butterfield failed to produce any positive evidence to corroborate his version of events presented at trial. The judgment in favor of Butterfield is, therefore, reversed.

*Defendant's Other Assignments of Error*

Turner Industries asserts that it was manifest error for the WCJ not to rule on the issue of its affirmative defense that Butterfield made misrepresentations on the pre-employment health questionnaire and in failing to find that Butterfield made misrepresentations for the purposes of obtaining workers' compensation benefits in violation of La.R.S. 23:1208. Additionally, Turner Industries avers that the WCJ erred in denying its motion for summary judgment and exception of prescription.

Since we have found that Butterfield failed to satisfy his burden of proving the occurrence of a work-related accident, the remaining assignments of error are moot.

8

*Penalties and Attorney's Fees*

Turner Industries also asserts that the WCJ erred in awarding penalties and attorney fees, contending that it reasonably controverted the claim under La.R.S. 23:1201 based on the defenses asserted by it. The WCJ awarded a total of $4,000.00 in penalties and $7,500.00 in attorney's fees. This award of penalties and attorney's fees is hereby reversed based on the above findings.

Finally, Butterfield has answered the appeal seeking additional attorney's fees for work done on appeal. Since we have reversed the WCJ's judgment and found in favor of Turner Industries, Butterfield's claim for additional attorney's fees is denied.

## DECREE

For the reasons stated above, the WCJ's judgment is reversed in its entirety, and judgment is rendered in favor of Defendant, Turner Industries. Costs of this appeal are assessed to Plaintiff-Appellee, Timothy Butterfield, whose demand for additional attorney's fees is also rejected.

**REVERSED AND RENDERED.**