# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 22-409


**DAVID BRISTER**

**VERSUS**

**E. K. CONSTRUCTION COMPANY, INC., ET AL.**

**\*\*\*\*\*\*\*\*\*\***
ON APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT # 03
PARISH OF CALCASIEU, NO. 21-00493
SHANNON BRUNO BISHOP, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***
## JONATHAN W. PERRY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of Elizabeth A. Pickett, Jonathan W. Perry and Ledricka J. Thierry, Judges.



**AFFIRMED.**

R. Scott Iles
Attorney at Law
1200 West University Avenue
Lafayette, LA 70506
(337) 234-8800
**COUNSEL FOR CLAIMANT/APPELLANT**:
    David Brister

M. Jeremy Berthon
Attorney at Law
2237 S. Acadian Thruway
Baton Rouge, LA 70898-8001
(225) 231-0925
**COUNSEL FOR EMPLOYER/APPELLEE**:
    E. K. Construction Company, Inc.
**COUNSEL FOR INSURER/APPELLEE:**
    Louisiana Workers' Compensation Corporation

**PERRY, Judge.**

In this case, the claimant appeals the judgment of the Workers' Compensation Judge ("WCJ") in favor of the employer and its workers' compensation insurer, dismissing his workers' compensation demand. For the reasons and law stated below, we affirm.

### FACTS AND PROCEDURAL HISTORY

On January 25, 2021, David Brister ("Mr. Brister") filed a disputed claim for compensation naming his employer, E. K. Construction Company, Inc. ("E. K. Construction"), and its insurer, Louisiana Workers' Compensation Corporation ("LWCC"), as defendants. Mr. Brister, a nineteen-year employee of E. K. Construction, alleged in his petition that he fell from a piece of heavy machinery on August 4, 2020, and injured his back. Although his petition does not allege that he reported his injury, Mr. Brister contends that he consulted a doctor who ordered X-rays and advised him to not return to work for a two-week period. Mr. Brister further contends in his petition that when he returned to work, he was referred to an orthopedist and he was advised that he needed an MRI. Also, Mr. Brister alleged that his injury and related pain made "it difficult to move and he therefore advised that he would not be in work on a Friday, after working 48 hours that week." However, as alleged in his petition the following Monday, "he was terminated from his job for [not] working the previous Friday." At this point, Mr. Brister contended that based on "[t]his repetitive injury" he was temporarily and totally disabled.

At trial, the WCJ heard the testimony of Mr. Brister, Sandy Smith ("Ms. Smith"), the president of E. K. Construction, and Kyler Smith ("Mr. Smith"), a supervisor for E. K. Construction. It also received into evidence the medical records of Rebecca Kiely ("Ms. Keily"), the physician assistant who treated Mr. Brister, and

the medical records of Beauregard Memorial Hospital ("Beauregard Memorial"). After considering the evidence, the WCJ stated in its written reasons for judgment:

> In the instant matter, there are no witnesses to the accident. Additionally, the medical records are devoid of any mention of a work accident. Instead, the medical records indicate that Claimant had been suffering with hip and back pain for two years. There is no mention in the records that a work accident caused or aggravated Claimant's condition.
>
> . . . .
>
> In weighing the evidence, the Court listened to the testimony of the witnesses and reviewed the evidence. Upon doing such, the Court finds that Claimant failed to meet his burden of proving a work related accident occurred on August 4, 2020 as provided in La.R.S. 23:1021(1). Additionally, Claimant failed to prove a causal connection between a work accident and his injuries. Lastly, Claimant failed to prove that he is entitled to workers' compensation benefits as a result of a work accident.

## APPELLATE PRACTICE

Before reaching Mr. Brister's argument, we find it necessary to comment on the Uniform Rules of the Courts of Appeal. These rules help focus attention on the issues before the court and assist the court in applying the law to the facts of each case.

The Uniform Rules of the Courts of Appeal, among other appellate matters, provide rules for the writing of briefs. One aspect bears mentioning because Mr. Brister's brief in the present case lacks references to the specific page numbers of the record.

From the outset, we observe that Uniform Rules—Courts of Appeal, Rule 2-12.4(A)(2014) provides in pertinent part: "The brief of the appellant shall contain, under appropriate headings and in the order indicated: . . . . (7) a statement of facts relevant to the assignments of error and issues for review, with references to the specific page numbers of the record[.]"

2

Uniform Rules—Courts of Appeal, Rule 2-12.4(B)(3)(2014) (emphasis added) further provided as follows: "**The court may disregard** the argument on an assignment of error or issue for review if suitable reference to the specific page numbers of the record is not made."

Finding discretion in Uniform Rules—Courts of Appeal, Rule 2-12.4 (B)(3)(2014),[1] we have chosen to address Mr. Brister's argument even though the brief fails to reference the specific page numbers of the record relative to factual assertions and the rulings of the WCJ.

## APPELLANT'S ASSIGNMENT OF ERROR

In his sole assignment of error, Mr. Brister contends the WCJ erred in ruling that he failed to meet his burden of proving he sustained an accident and resultant injuries arising out of and in the course and scope of his employment, thereby dismissing his claims against all defendants.

## APPELLANT'S ARGUMENT

Mr. Brister contends that he proved he sustained an unwitnessed accident on the job on August 4, 2020, that he was temporarily and totally disabled from work and that this was confirmed by his treating physician. He further contends that neither defendant presented a contrary opinion.

---

[1] Effective January 1, 2023, the wording of Uniform Rules—Courts of Appeal, Rule 2-12.4 (B)(3) (emphasis added) has been amended. It now states, "**The court may not consider** the argument on an assignment of error or issue for review if suitable reference to the specific page numbers of the record is not made." Mr. Brister's brief was filed before the amendment to Uniform Rules—Courts of Appeal, Rule 2-12.4(B)(3) took effect; thus, it does not fall under the amendment noted above.

## APPELLEE'S POSITION

E. K. Construction and LWCC note that Mr. Brister's accident was unwitnessed. However, they acknowledge that even an unwitnessed accident may be proved if the worker can establish that nothing casts doubt on the worker's version and the worker's testimony is corroborated. They argue that the record shows Mr. Brister failed to satisfy either of those requirements.

## LAW AND DISCUSSION

In *Richard v. Workover & Completion*, 00-794, pp. 2-3 (La.App. 3 Cir. 12/6/00), 774 So.2d 361, 363-64, we stated:

> A workers' compensation judge's findings of fact are subject to a manifest error or clearly wrong standard of review. *Johnson v. Transamerican Waste Co.*, 99–190 (La.App. 3 Cir. 6/2/99); 741 So.2d 764. In applying the standard of review, great weight is given the workers' compensation judge's factual findings, its reasonable evaluations of the witnesses' credibility, and its reasonable inferences of fact. *Dixon v. Louisiana Restaurant Ass'n*, 561 So.2d 135 (La.App. 3 Cir.1990). *See also Stobart v. State, Through the Dep't of Trans. & Dev.*, 617 So.2d 880 (La.1993).

> In order for a claimant to recover workers' compensation benefits, he or she must prove by a preponderance of the evidence that a work-related accident occurred, and that an injury was sustained. La.R.S. 23:1031. "A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident." *Bruno v. Harbert Int'l Inc.*, 593 So.2d 357, 361 (La.1992). A workers' compensation judge's determination as to whether the worker's testimony is credible and whether the worker has [met] his or her burden of proof are questions of fact, which will not be disturbed on appeal absent manifest error or unless they are clearly wrong. *Id.*; *Castille v. Leesville Lumber Co.*, 93–1091 (La.App. 3 Cir. 4/6/94), 635 So.2d 643, *writ denied*, 94–1147 (La.6/24/94), 640 So.2d 1351.

Mr. Brister presented limited evidence in support of his workers' compensation claim.[2] As noted earlier, Mr. Brister's case consisted of his testimony,

---

[2] At the commencement of trial, the parties also entered the following stipulations: (1)

4

the first report of injury, his pay records from April 1, 2020, to September 9, 2020, the medical records of Ms. Kiely, and the medical records of Beauregard Memorial.

Mr. Brister contended that he notified his employer of the accident on or near the time of the alleged accident. He also urged that his medical records supported his contention that he suffered an accident while he worked on August 4, 2020.

In its written reasons for judgment, the WCJ summarized the evidence as follows:

> Claimant testified that he was involved in a work accident on August 4, 2020 when he fell from a piece of equipment four feet to the ground and landed on his tailbone. He stated he rested for a while and then returned to the equipment to work. He stated he did not report the accident because he thought he would get better. He testified that he knew workers are supposed to inform Sandy Smith, the President of the company, if they are hurt on the job. However, he did not report an accident. Claimant testified that he injured his hip and back and there is nothing else that would cause his pain. However, he confirmed that he had muscle spasms in the past. Claimant testified that he later informed Sandy Smith and his supervisor, Kyler Smith about his accident. However, they both dispute that Claimant reported an accident. He testified that he informed Kyler Smith that he was going to the doctor. He stated that he informed Kyler Smith that he was going to NASCAR for four days and Kyler Smith said he could only have one day off.

> Kyler Smith testified at trial that Claimant did not inform him that he had a work accident. He testified that the employees know that they are supposed to report a work accident to him or Sandy. Kyler Smith testified that Claimant did not report a work accident. He stated that Claimant asked for time off because he was sore, but Claimant did not tell him the cause of the pain. He testified that Claimant was terminated because he was a no-show at work for four days. He stated that Claimant was needed because of the increased work following Hurricane Laura.

> Sandy Smith testified that Claimant never informed her of a work accident. She testified that he told her he was in pain and required surgery, but he said it was because of old age. She testified that he informed her that he was going to Texas for a doctor's appointment and she gave him one day off. She testified that she terminated him because

LWCC provides E. K. Construction with workers' compensation insurance; (2) Mr. Brister was employed by E. K. Construction on August 4, 2020; (3) Mr. Brister no longer worked for E. K. Construction after September 2, 2020; and (4) Mr. Brister's average weekly wage was $660.

he did not show up for work after being instructed to do so. She stated that she found out he went to Texas to drive in NASCAR.

Claimant testified that he injured his back and leg as a result of the work accident. On August 13, 2020, he presented to Beauregard Family Medical Center with complaints of right hip pain. He reported "the hip pain has been gradual and has been occurring in a persistent pattern for 2 years. . . . The pain is aggravated by any movement. There are no relieving factors." The records also show that causative factors include driving, rising from seated position, prolonged sitting and walking. On August 20, 2020, he reported to Beauregard Family Medical Center for the results of his x-ray. At that time, he had no complaints. The x-rays showed degenerative changes to the lower back and bilateral hips. Claimant's medical records do not make any mention of a work accident. Additionally, the records make no mention of work activities aggravating or exacerbating his hip or back pain. Claimant testified that he stopped working because he was in pain. He also testified that he had no doctor restrictions and he was tired of working due to the increased work following Hurricane Laura.

The record fully supports the WCJ's understanding of the testimony.

The record shows that although this alleged accident may not have been witnessed, Mr. Brister worked daily with a three-man crew. They traveled together to and from the work site and worked in proximity to each other. Although they may have been able to provide some corroboration to Mr. Brister's assertions, none of these individuals were deposed or were called to testify. Additionally, although the record establishes that Mr. Brister was married, his wife was not called to corroborate her husband's assertions regarding the alleged work accident.

We further note that even though the record shows Ms. Kiely ordered an MRI on August 20, 2020, and referred Mr. Brister to an orthopedist on March 4, 2021, nothing in the record shows that the MRI was completed. And, although Mr. Brister testified that he was seen and treated by an orthopedist in Lake Charles, he only identified the doctor as Dr. Lowery. No dates of treatment were provided and no medical records or testimony from this doctor was provided to the WCJ. All that Mr. Brister stated was, "He gave me shots in my back and he burnt three of my

nerves in my back between my joints in my back bone to kill the pain." Again, even if this treatment occurred, no evidence was produced which linked it to a work-related accident.

Based upon the foregoing, we find the WCJ was neither clearly wrong nor manifestly erroneous when it determined that the evidence Mr. Brister presented did not establish that a work-related accident occurred and that an injury was sustained.

**DECREE**

For the foregoing reasons, we affirm the judgment of the Workers' Compensation Judge. All costs of this appeal are assessed against David Brister.

**AFFIRMED.**