748 So.2d 1286 (2000)
Roy McCALMONT
v.
JEFFERSON PARISH SHERIFF'S OFFICE, et al.
No. 99-CA-940.
Court of Appeal of Louisiana, Fifth Circuit.
January 12, 2000.
Rehearing Denied February 7, 2000.
*1287 W. Gregory Merritt, New Orleans, Louisiana, Attorney for Appellant, Roy McCalmont.
Golden & Fonte, Kenneth C. Fonte, Edmund W. Golden, Metairie, Louisiana, Attorneys for Appellees, Jefferson Parish Sheriff's Office, et al.
Panel composed of Judges CHARLES GRISBAUM, Jr., THOMAS F. DALEY and SUSAN M. CHEHARDY.
CHEHARDY, Judge.
In this personal injury matter, after a bench trial on the issue of liability only, the trial court found defendants free from fault. For the following reasons, we affirm.
This lawsuit arose out of a May 21, 1994 vehicular accident on Louisiana Highway 45 in Jefferson Parish. At approximately 4:00 p.m., defendant, Deputy Charles DeWilde, was conducting speed enforcement operations on La. 45 and had pulled a southbound vehicle over for speeding. La. 45 is a rural two lane, two way road with no shoulders. The driver of the vehicle pulled over for speeding had stopped and parked just off the roadway, parallel to the highway, in a narrow, private driveway. There was not enough space for Deputy DeWilde's vehicle to also fully exit the roadway, so Deputy DeWilde pulled as far off the highway as he could, and kept the overhead emergency lights flashing on his marked patrol vehicle.
Shortly thereafter, a vehicle being operated by Paul Gage, in which plaintiff was riding as a front seat passenger, approached the scene. Gage attempted to pass the police car on the left, crossed the center line and hit an oncoming northbound vehicle being driven by defendant, Harold Pavon, head-on. As a result of the accident, plaintiff suffered injuries.
The matter was bifurcated and proceeded to a bench trial on the issue of liability only. Additionally, the bench trial proceeded against only two defendants, Deputy DeWilde and the Jefferson Parish Sheriff's Office. After hearing the testimony and the evidence presented, on March 19, 1999, the trial court rendered judgment, finding Deputy DeWilde and the Sheriffs Office free from fault.
Plaintiff appeals, asserting eight assignments of error, which will be addressed in *1288 three groups: that the trial court erred in failing to find Deputy DeWilde (and therefore, the Sheriffs Office)[1] negligent; that the trial court erred in failing to apply the adverse presumption rule; and that the trial court erred in its reasons for judgment.
With regards to the negligence of Deputy DeWilde, the deputy testified at trial that the driver of the vehicle he pulled over just prior to the accident, Renato Guanga, decided to stop his vehicle parallel to the road in a narrow driveway, then immediately exit his vehicle and approach DeWilde. DeWilde testified that he normally uses the public address system in his patrol car to direct a driver to pull over and park in a safer manner, but in this case, Guanga exited his vehicle too quickly. DeWilde's attention was therefore focused on Guanga.
DeWilde testified that when faced with this kind of potential threat, he is trained to exit his vehicle to better assess the situation. DeWilde further testified that he did not feel comfortable until he observed Guanga's hands, his actions and demeanor, began talking to him, and directed him to walk away from the vehicles, further up the driveway.
DeWilde testified that prior to exiting his vehicle, he pulled it as far off the roadway as safely possible, as there was a ditch which ran alongside the road. DeWilde further testified that while the traffic stop was not an ideal situation for safety (where both vehicles have completely exited the roadway), it was daylight, his overhead emergency lights were flashing, the stretch of road where they were stopped was straight (i.e., the vehicles were clearly visible to other motorists on the road), and that the Sheriffs Office policy in those kinds of situations is to conduct the traffic stop. Finally, DeWilde testified that even with his patrol vehicle partially on the roadway, there was enough room in the travel lane for another southbound vehicle to pass him, without having to cross the center line.
At trial, the plaintiff took the stand next and testified that he and his friend, Paul Gage, had met earlier that day at a bar in the French Quarter to shoot pool and drink some beer. Plaintiff testified that Gage was drinking when he arrived, and they each drank three beers in about an hour and fifteen minutes while shooting pool. Plaintiff further testified that although Mr. Gage did not appear drunk, he had "a buzz" and he was on his way to being intoxicated.
With regards to the accident, plaintiffs testimony conflicted with the testimony of Deputy DeWilde. Plaintiff testified that he remembered the police vehicle pulling out, further into the travel lane, just as Gage was attempting to pass. Plaintiff also testified that even with the police vehicle stopped near the side of the road, there was not enough room to pass without having to cross the center line. However, plaintiff admitted that the stopped police vehicle was visible from four hundred to one thousand yards away, and that there was enough time and distance for Gage to have stopped his vehicle without attempting to pass.
The standard negligence analysis under La. C.C. art. 2315 is the duty-risk analysis. Under this analysis, the plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, that the defendant owed a duty of care to the plaintiff, that the requisite duty was breached by the defendant, and that the risk of harm was within the scope of protection afforded by the duty breached. Under the duty-risk analysis, all four inquiries must be affirmatively answered for plaintiff to recover. Mathieu v. Imperial Toy Corporation, 94-0952 (La.11/30/94), 646 So.2d 318; Mart v. Hill, 505 So.2d 1120 (La.1987).
After reviewing the record before us, we find that plaintiff clearly did not present *1289 evidence at trial which affirmatively answered all four inquiries. Certainly, Deputy DeWilde owed a duty of care to all motorists on La. 45 to conduct speed enforcement operations in a safe manner, and testified at trial about his normal procedures regarding safety during these operations. Deputy DeWilde further testified that, because of Guanga's actions in pulling over in a narrow driveway, parking parallel to the highway, then immediately exiting his vehicle and approaching DeWilde as he was attempting to park, DeWilde became more concerned for his immediate safety, as his police training has taught him to be. He further testified that he did not feel safe until he had the opportunity to engage Guanga directly, view his actions and demeanor, and move him away from the vehicles. The trial court obviously found this to be a reasonable explanation, and considering the other factors involved (it was daylight, the stopped vehicles were clearly visible, the police car's overhead lights were flashing, etc.), the trial court found that Deputy DeWilde did not breach the duty he owed to plaintiff.
While plaintiffs testimony conflicted with Deputy DeWilde's, it is well settled that a court of appeal may not upset the factual findings of a trial court absent manifest error or unless they are clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Where two reasonable views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State, 617 So.2d 880, 882-83 (La.1993).
After a thorough review of the record before us, we find ample evidence to support the trial court's determination that Deputy DeWilde was not at fault in causing plaintiffs injuries. As the trial court's conclusion is reasonable, and not manifestly erroneous or clearly wrong, it will not be disturbed on appeal.
Plaintiff's next claim on appeal is that the trial court erred by not applying the adverse presumption rule to the lack of testimony from Renato Guanga, the driver of the vehicle who Deputy DeWilde pulled over just prior to the accident. Mr. Guanga was subpoenaed by counsel for defendants to testify at trial. On the day of trial, however, counsel for defendants released Guanga from the subpoena, and he did not testify. Counsel for plaintiff objected to Guanga's release, and proffered that had Guanga testified, his testimony would have been that DeWilde was writing the speeding ticket at the time of the accident. Plaintiff asserts that this testimony would have shown that DeWilde had been on the scene long enough to have gotten Guanga's vehicle and his police vehicle moved to a safer position before the Gage vehicle approached.
We find this argument to be without merit. In our discussion above, we found that the trial court made a proper determination that DeWilde's actions after pulling over Guanga were reasonable, and not negligent. Whether the accident happened a few seconds or a few minutes after Guanga was pulled over is immaterial. In either instance, under the circumstances of this case, DeWilde was not negligent in not moving his stopped vehicle further off the roadway prior to the accident.
Plaintiffs final claims on appeal are that the trial court erred in considering facts not in evidence and erred in its allocation of fault. These claims are related to the trial court's written reasons for judgment, which were issued separately from its March 19, 1999 judgment. In the reasons for judgment, Gage's blood alcohol level is listed at .16% and references to the testimony of officer Connie Moore are made. Plaintiff asserts that since no documentary evidence of Gage's blood alcohol level was introduced at trial, and that since Moore did not testify at trial, the court erred in considering facts not in evidence. Plaintiff further asserts that the trial court's apportionment of fault (75% to Gage and 25% to plaintiff) in its reasons for judgment is manifestly erroneous.
*1290 On review, we note that the reference to Moore's testimony only supported DeWilde's testimony, and a fact not in disputethat DeWilde's police vehicle has its overhead lights flashing. Additionally, there was enough evidence submitted through plaintiffs own testimony to show that Gage was intoxicated and impaired when he tried to pass the stopped vehicles.
Moreover, it is well settled that a trial court's judgment and reasons for judgment are two separate and distinct legal documents, and appeals are taken from the judgment, not the written reasons for judgment. Shear v. Shear, 96-934 (La.App. 5 Cir.5/28/97), 695 So.2d 1026, 1033, citing La. C.C.P. art.1918; Ziegel v. South Cent. Bell, 93-547 (La.App. 5 Cir.3/16/94), 635 So.2d 314; Succession of Velasquez-Bain, 471 So.2d 731 (La.App. 4 Cir.1985), writ denied, 476 So.2d 354 (La. 1985). As state above, we have determined that the trial court's judgment is not manifestly erroneous or clearly wrong.
For the foregoing reasons, the March 19, 1999 judgment of the trial court, finding Deputy Charles DeWilde and the Jefferson Parish Sheriffs Office free from fault, is hereby affirmed.
AFFIRMED.
NOTES
[1] Plaintiff alleged that the Sheriff's Office was liable under the theory of respondeat superior.