786 So.2d 128 (2001)
Nelson THOMPSON
v.
ORLEANS PARISH SCHOOL BOARD.
No. 2000-CA-1230.
Court of Appeal of Louisiana, Fourth Circuit.
March 21, 2001.
Joseph G. Albe, Metairie, Counsel for Plaintiff/Appellee.
Lynn L. White, James M. Taylor, Taylor, Wellons, Politz & Duhe, APLC, New Orleans, Counsel for Defendant/Appellant.
Court composed of Chief Judge WILLIAM H. BYRNES III, Judge MIRIAM G. WALTZER and Judge MICHAEL E. KIRBY.
*129 WALTZER, Judge.
Defendant, the Orleans Parish School Board, appeals a judgment in favor of Nelson Thompson, awarding worker's compensation benefits. The Board argues both that Thompson's claims had prescribed and that these injuries rendered Thompson disabled prior to the 19 March 1998 incident.

HISTORY OF THE CASE AND STATEMENT OF FACTS
The School Board employed Thompson as custodian for nearly twenty years. In 1994, Thompson suffered injuries in an accident at work. He did not seek worker's compensation benefits, but doctors treated him for injuries to his back and he missed several weeks of work after this accident.
After the 1994 accident, Thompson continued to suffer mild back pain. In December 1997 or January 1998, Thompson's back pain severely worsened. He sought medical attention for his worsened condition from several doctors. From January until March, these doctors considered him disabled. However, he continued to work. On 19 March 1998, Thompson, mopping the school's cafeteria, experienced severe pain in his back. Thompson did not work after 20 March 1998.
In April, Thompson filed a claim for worker's compensation for the injuries to his back. The School Board filed an exception of prescription. The trial court denied the exception, tried Thompson's claim and awarded Thompson benefits, finding that Thompson suffered an accident on 19 March 1998, aggravating his prior condition.
The School Board appealed arguing that the incident on 19 March 1998 did not constitute an accident, that Thompson's claim had prescribed, and that Thompson failed to prove that a work-related accident aggravated his pre-existing condition and caused his disability. Thompson answered the appeal, seeking additional attorney's fees for the appeal.[1]
ASSIGNMENT OF ERROR: The trial court erred by concluding that the 19 March 1998 incident constituted an "accident" pursuant to LSA-R.S. 23:1021(1) and aggravated a pre-existing condition, disabling Thompson.
The record supports the trial court's conclusion that an incident, involving Thompson, occurred at work on 19 March 1998. From 18 January 1998 until March 1998, Thompson did not perform his regular duties because his back disabled him. He opened and closed the school, and he remained a full-time employee of the School Board. On 19 March 1998, Thompson experienced back pain while mopping the school's cafeteria. Thompson testified that mopping constituted a normal task of a custodian. Thompson reported that he returned to work on 20 March 1998, but he did not work after that date. The trial court found that this occurrence constituted an accident, aggravating Thompson's pre-existing condition, disabling him.
LSA-R.S. 23:1021(1) defines "accident" to mean;
An unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
*130 The "actual, identifiable, precipitous event" may include a routine movement or task that the employee regularly performs, if the claimant is able to identify with some particularity as to time, place and manner, the objective manifestation of the accidental injury. Sterling v. Orleans Parish School Board, 96-0107 (La.App. 4 Cir. 6/26/96), 679 So.2d 167, 170-171. From a review of the record, we cannot conclude that the trial court erred in concluding that Thompson suffered an "accident" on 19 March 1998. Therefore, the trial court did not err by denying the Board's exception of prescription.
In Louisiana, it is well settled that an employee's disability is compensable if a pre-existing condition or disease is activated or precipitated into a disability manifestation as a result of work. Doucet v. Baker Hughes Production Tools, 93-3087 (La.3/11/94), 635 So.2d 166, 167. Moreover, an employee's disability will be presumed to have resulted from an employment accident if before the accident, the employee was in good health, but commencing with the accident the symptoms of the disabling conditions appear and continuously manifest themselves, provided that the evidence shows that there is a reasonable possibility of a causal connection between the accident and the disabling condition. This presumption is not conclusive, but it requires the defendant to come forward with sufficient contrary evidence to rebut it. Doucet, supra at 167-168; citing Hammond v. Fidelity & Casualty Co. of New York, 419 So.2d 829, 831 (La.1982).
Thompson first injured his back in 1993 or 1994. He sought medical treatment and was unable to work for a short period of time. In December 1997 or January 1998, Thompson sought medical attention for back pain from various doctors, including his primary care physician, a neurologist and an orthopedic surgeon. On 28 February 1998, he underwent an MRI, revealing a herniated disc. His medical records reveal that from January 1998, his doctors considered him either partially or totally disabled. Beginning 18 January 1998, Thompson's back pain either completely or partially disabled him from performing his duties with the School Board. However, the Board continued to employ him to open and close the school. Thompson either did not work at all or worked in a limited capacity from 18 January 1998 until 20 March 1998. Clearly, Thompson was not in good health on 19 March 1998. Based on these facts, we cannot apply the presumption that Thompson's disability resulted from the accident. For this reason, Thompson bears the burden of proving that the 19 March 1998 accident caused his disability.
We find no evidence of a causal link between the 19 March 1998 accident and Thompson's disability. Thompson did not report the incident to his doctors or his employer. Therefore, the medical records do not support this conclusion. Thompson did not introduce any medical evidence supporting a conclusion that an accident in March aggravated his back pain rendering him disabled. Moreover, we find no evidence of a "dramatic change" in his condition. Sterling, supra at 171. Thompson's testimony does not support such a conclusion. Thompson stated that his back hurt before 19 March 1998 and after this date. Moreover, the evidence reveals that he could not perform his regular duties both before this date and after the accident. Thompson introduced no evidence that the accident of 19 March 1998 caused his disability.

CONCLUSION
For the above reasons, we find the trial court erred in concluding that the 19 March 1998 accident caused Thompson's *131 disability. Therefore, we reverse the judgment of the trial court.
REVERSED.
NOTES
[1] We will not consider Nelson's answer to the appeal, since we believe the trial court erred in awarding benefits.