846 So.2d 832 (2003)
Norrene McCALL
v.
WAL-MART STORES, INC.
No. 02-1343.
Court of Appeal of Louisiana, Third Circuit.
March 5, 2003.
Rehearing Denied April 16, 2003.
*833 Robert L. Beck, Jr., Rivers, Beck, Dalrymple and Ledet, Alexandria, LA, for Plaintiff/Appellee, Norrene McCall.
Eric J. Waltner, Allen & Gooch, Lafayette, LA, for Defendant/Appellant, Wal-Mart Stores, Inc.
Court composed of JIMMIE C. PETERS, MARC T. AMY, and MICHAEL G. SULLIVAN, Judges.
PETERS, J.
In this workers' compensation case, Wal-Mart Stores, Inc. (Wal-Mart) opposed the payment of benefits to its former employee, Norrene McCall, on the basis that she did not sustain an accident within the meaning of La.R.S. 23:1021(1). From an adverse judgment awarding indemnity and medical benefits as well as penalties and attorney fees, Wal-Mart now appeals. For the following reasons, we reverse in part and affirm in part.

DISCUSSION OF THE RECORD
Ms. McCall, whom Wal-Mart employed as a cashier, asserts that she sustained an injury to her back on July 21, 2001, while *834 in the course and scope of her employment. She testified that upon arriving at work at 9:00 a.m. on July 21 she was not experiencing any discomfort or pain in her back and that she had not ever previously experienced discomfort or pain in her back.
According to Ms. McCall, during the course of the day, her back began feeling "tired." At some point during the day, she asked to be assigned to the express checkout line instead of the regular checkout line, in which she had been working, because her back was "tired." Ms. McCall testified that at about 5:00 p.m, while working the express checkout line, she suddenly experienced pain in her "side back" while she was "[j]ust ringing out the customers." She recalled the exact time she experienced the pain because she looked at her watch at that moment to see how much longer she had to work on her shift. However, Ms. McCall was unable to identify the precise movement of her body or the specific item of merchandise she was lifting at the time she first felt the pain. She completed her shift and left work at 6:00 p.m.
Ms. McCall first sought medical treatment that same evening when she went to a local emergency room where she was diagnosed with back pain, left flank pain, and radiculopathy and prescribed various medications. Thereafter, Ms. McCall saw various physicians, including Dr. Gerald J. Leglue, Jr., an Alexandria, Louisiana physiatrist and her treating physician. Dr. Leglue ultimately diagnosed her as having acute piriformis strain, lumbar facet joint sprain, degenerative disc disease of the lumbar spine, and degenerative joint disease of the lumbar spine.
Other than one $68.00 medical bill for services rendered five days after the initial onset of symptoms, Wal-Mart refused to pay any indemnity or medical benefits. Wal-Mart refused benefits based on its contention that Ms. McCall had not suffered a work accident as defined by La. R.S. 23:1021(1). Because of Wal-Mart's refusal to pay benefits, Ms. McCall filed the instant claim for benefits, penalties, and attorney fees.
Following a hearing on the merits, the workers' compensation judge (WCJ) ordered Wal-Mart to pay Ms. McCall temporary total disability benefits from July 22, 2001 to August 5, 2002, and thereafter to pay her supplemental earnings benefits on a zero-base earning capacity. Additionally, the WCJ ordered Wal-Mart to pay various medical expenses, penalties of $2,000.00 for nonpayment of indemnity benefits, penalties of $2,000.00 for nonpayment of medical benefits, and $8,000.00 in attorney fees.
Wal-Mart has appealed that judgment, contending that the WCJ erred (1) in finding that Ms. McCall satisfied the definition of an "accident" as set forth in La.R.S. 23:1021(1), (2) in disregarding La.R.S. 23:1317 by holding that Ms. McCall established a compensable disability in light of the lack of objective findings, (3) in holding that the claim was not reasonably controverted, and (4) in holding that the medical expenses must be paid without reference to the Louisiana Fee Schedule. Additionally, Ms. McCall has answered the appeal, requesting attorney fees for work done on appeal.

OPINION

Accident
Louisiana Revised Statutes 23:1021(1) provides:
"Accident" means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective *835 findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
Wal-Mart contends that the WCJ erred in finding that an "accident" occurred where the evidence established only that there was a progressive degeneration and not that there was a sudden, actual, identifiable, precipitous event. "[C]redibility calls are the function of the trial court." Bruno v. Harbert Int'l Inc., 593 So.2d 357, 364 (La.1992).
Ms. McCall testified that, at the time of the onset of pain, she was working at the express checkout line "[j]ust ringing out the customers" on the general merchandise side of the store, which was configured so that the merchandise would be transferred from her left to her right and then placed into the customer's buggy. While she could not identify a specific movement she was making or item of merchandise she was handling at that time, Dr. Leglue testified that his findings of tenderness in the piriformis muscle and the iliolumbar ligament were consistent with Ms. McCall's subjective description to him of left-sided pain and that the "piriformis and the iliolumbar are specifically a traumatic injury." Additionally, the doctor stated:
[T]he piriformis and the iliolumbar problem is a rotation and flexion injury. I can tell you what she did, whether she knows it or not. Somewhere along the way in her movement, she went off to the right and bent forward, and it's unacceptable mechanically.... The fact she hurt the left side very specifically, I know for a fact that she had to have gone off to the right and bent forward. It's a very common mechanism of injury.
On the other hand, Dr. Gregory Gidman, a Lafayette, Louisiana orthopedist who examined Ms. McCall on one occasion, gave the following opinion:
This lady, in my opinion, is 64 years old, has a job requiring constant standing, bending and lifting activities as a Cashier at Wal-Mart. I think her symptoms are easily explained by her age and the constant standing, lifting and bending she does all day long at her job. I don't think there is any particular injury or any particular activity that caused her symptoms. I think it was accumulation of the chronic standing and the physical activities with her job. Her symptoms, in my opinion, are not related to any one particular bending activity either to the right or leg [sic]. I think it's just an accumulation of all of her job activities that is [sic] required and the fact that she is 64 years of age.
We note that "[t]he testimony of a claimant's treating physician should be afforded more weight than that of an examining physician, since the treating physician is more likely to know the patient's symptoms and complaints due to repeated examinations and sustained observations." George v. Guillory, 00-0591, p. 10 (La.App. 3 Cir. 11/2/00), 776 So.2d 1200, 1207. The WCJ apparently chose to give more weight to the testimony of the treating physician, Dr. Leglue.
Accordingly, based on the testimony of Ms. McCall and Dr. Leglue, we find no error in the WCJ's determination that Ms. McCall proved the occurrence of a sudden, actual, identifiable, precipitous event. The duties and motion having been identified through the testimony of both Ms. McCall and Dr. Leglue, it is immaterial that Ms. McCall could not identify the exact movement she was making or item she was handling at the time of the sudden onset of pain. Importantly, "[t]he `actual, identifiable, precipitous event' may include a routine movement or task that the employee regularly performs, if the claimant is able to identify with some particularity *836 as to time, place and manner, the objective manifestation of the accidental injury." Thompson v. Orleans Parish Sch. Bd., 00-1230, p. 3 (La.App. 4 Cir. 3/21/01), 786 So.2d 128, 130. Further, "[a]lthough the definition of accident was amended to emphasize that the identifiable, precipitous event must be more than a gradual deterioration or progressive degeneration, jurisprudence holds that these terms do not exclude those instances where a worker can establish a work-related event, which may seem to be a customary or routine work activity, which results in an injury to the employee." Richard v. Workover & Completion, 00-794, p. 4 (La. App. 3 Cir. 12/6/00), 774 So.2d 361, 364. Thus, we find no merit in this assignment of error and affirm the finding that an "accident" occurred within the meaning of La.R.S. 23:1021(1).

Compensable Disability
Wal-Mart also contends that the WCJ erred in holding that Ms. McCall established a compensable disability where there were no objective findings as required by La.R.S. 23:1317(A). Specifically, Wal-Mart asserts that "[i]n this case, there existed no purely objective findings of injury as the claimant simply complained of pain." Further, Wal-Mart asserts that "[t]here were no bruises, red marks or blood or other physical signs of injury." Thus, Wal-Mart contends that Ms. McCall has not satisfied the requirement of "objectivity."
Louisiana Revised Statutes 23:1317(A) provides in part:
The workers' compensation judge shall not be bound by technical rules of evidence or procedure other than as herein provided, but all findings of fact must be based upon competent evidence and all compensation payments provided for in this Chapter shall mean and be defined to be for only such injuries as are proven by competent evidence, or for which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself.
(Emphasis added.)
In the instant case, Ms. McCall's injuries were proven by competent medical evidence. In any event, even disregarding the disjunctive "or" used in La.R.S. 23:1317(A), Dr. Leglue reported objective findings in that when he "challenged" the piriformis muscle "it was clearly tight." Thus, this assignment of error is without merit.

Penalties and Attorney Fees
Wal-Mart additionally contends that the WCJ erred in awarding penalties and attorney fees. We agree.
In Brown v. Texas-LA Cartage, Inc., 98-1063, p. 9 (La.12/1/98), 721 So.2d 885, 890, the supreme court stated:
To determine whether the claimant's right has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed.
In the instant case, there was evidence that Ms. McCall had been experiencing prior "back problems" (although she classified this as a tired feeling rather than a feeling of pain), and she could not identify a specific movement or an item that was being moved at the time she felt the pain. Further, this case included credibility determinations, *837 and Wal-Mart was in possession of Dr. Gidman's medical opinion which reasonably countered Dr. Leglue's medical opinion. Thus, we reverse the award of penalties and attorney fees. Concomitantly, we reject Ms. McCall's request for additional attorney fees for work performed on appeal.

Fee Schedule
Finally, Wal-Mart contends that the WCJ erred in failing to refer to the Louisiana Fee Schedule in awarding medical expenses. Specifically, La.R.S. 23:1034.2(D) provides: "Fees in excess of the reimbursement schedule shall not be recoverable against the employee, employer, or workers' compensation insurer." However, pursuant to Uniform Rules Courts of Appeal, Rule 1-3, "[t]he Courts of Appeal will review only issues which were submitted to the trial court ... unless the interest of justice clearly requires otherwise." We have not found that the issue was first submitted to the WCJ, and we do not find that the interest of justice clearly requires us to consider it at this late date. Thus, we reject this assignment of error.

DISPOSITION
For the foregoing reasons, we reverse the award of penalties and attorney fees and affirm the judgment in all other respects. We assess costs of this appeal to Wal-Mart Stores, Inc.
REVERSED IN PART AND AFFIRMED IN PART.
AMY, J., dissents in part and assigns written reasons.
AMY, J., dissenting in part.
I respectfully disagree with the majority that an affirmation in part is required. In my opinion, the record fails to support a finding that an "accident" occurred within the definition of that term as provided by La.R.S. 23:1021(1). The statute requires the occurrence of an "identifiable, precipitous event[.]" In the instant matter, the claimant was unable to report the occurrence of such an "event[.]" Rather, her testimony reveals the onset of pain while performing her duties as a cashier. While jurisprudence indicates that an accident can occur while performing the tasks of a routine work-day, the statute still requires that the event be identifiable. In my view, no such identifiable event has been established in this case. Due to my conclusion that a reversal is required as to the occurrence of an accident, the reversal of the award of penalties and attorney's fees is also required.
Accordingly, I would reverse the determination of the workers' compensation judge and enter a dismissal of the claim.