# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 07-1227


**MARY DANTLEY**

**VERSUS**

**LAKE CHARLES MEMORIAL HOSPITAL**


************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 3
PARISH OF CALCASIEU, NO. 05-04907
CHARLOTTE A. L. BUSHNELL,
WORKERS' COMPENSATION JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.


                                                           **AFFIRMED.**

A. R. Johnson, IV
Plauche, Smith & Nieset
Post Office Drawer 1705
Lake Charles, Louisiana   70602
(337) 436-0522
Counsel for Defendant/Appellee:
       Lake Charles Memorial Hospital

Scott J. Pias
Attorney at Law
522 Alamo Street
Lake Charles, Louisiana  70607
(337) 436-1288
Counsel for Plaintiff/Appellant:
       Mary Dantley

**SULLIVAN, Judge.**

Plaintiff, Mary Dantley, appeals a June 26, 2007 judgment rendered by the Office of Workers' Compensation dismissing her claims against Lake Charles Memorial Hospital (LCMH) with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Ms. Dantley began working as a housekeeper at LCMH in 1995. In November of 2004, she applied for Social Security Disability benefits. She resigned from LCMH in December of 2004. She underwent surgery on her right shoulder in January 2005 and again in June of 2005. On June 22, 2005, Ms. Dantley filed a 1008 Claim for Compensation. In her initial claim, she was unable to point to any specific event as having caused her shoulder complaints. She listed the date of injury as "12/24/04 last day worked." At a mediation that took place on July 26, 2005, Ms. Dantley amended her claim with a notation that she "felt increased pain in [her] right shoulder" in October of 2004 when "lifting beds to change sheets, etc."[1]

Trial was held on January 25, 2007. The only witness to testify live was Ms. Dantley. Both parties offered the deposition of Dr. John Noble, the physician who treated Ms. Dantley for her shoulder condition and who performed both of her surgeries. The matter was taken under advisement and on June 14, 2007, the Workers' Compensation Judge (WCJ) rendered oral reasons for judgment in favor of LCMH dismissing Ms. Dantley's claim against it with prejudice. Written judgment was signed on June 26, 2007.

Ms. Dantley now appeals, assigning the following as error:

---

[1]This document was entered into evidence by LCMH as Exhibit D-3.

1

1. The trial court erred in finding that no corroborative evidence exists. This resulted in the court finding that the plaintiff failed to carry her burden of proof.

2. The trial court's findings are clearly wrong and not supported by the evidence in the record.

3. The trial court failed to find that Mary Dantley aggravated her shoulder injury during the period that she continued to work after the onset of the initial symptoms of a shoulder injury.

## LAW

A worker bringing a compensation action against her employer bears the burden of proving, as a threshold requirement, that she suffered "personal injury by accident arising out of and in the course of employment." La.R.S. 23:1031; *Bruno v. Harbert Int'l Inc.*, 593 So.2d 357 (La.1992). The word "accident" as used in La.R.S. 23:1031 is defined as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." La.R.S. 23:1021(1). Jurisprudence has held that an accident may include a routine movement or task that the employee regularly performs, provided that the claimant is able to identify, with some particularity, the time, place, and manner in which the accidental injury objectively manifested itself. *McCall v. Wal-Mart Stores, Inc.*, 02-1343 (La.App. 3 Cir. 3/5/03), 846 So.2d 832, *writs denied*, 03-1329, 03-1343 (La. 9/19/03), 853 So.2d 639, 641.

The plaintiff bears the burden of establishing that a work-related accident occurred by a preponderance of the evidence. *Bruno*, 593 So.2d 357. This burden of proof is applicable even when the worker is the sole witness of the accident. *Id.*

2

A worker's testimony alone may be sufficient to discharge her burden of establishing a work-related accident provided that no evidence discredits or casts serious doubt upon her version of the incident and the worker's testimony is corroborated by the circumstances following the alleged incident, including medical evidence or the testimony of co-workers, friends, or the worker's spouse. *Id*.

The trial court's determinations as to whether a plaintiff in a workers' compensation case is credible and whether she has discharged her burden of proof are factual determinations that should not be disturbed upon appellate review unless clearly wrong or manifestly erroneous. *Id*.

This court has noted, in the context of a workers' compensation suit, the well-accepted principle that credibility calls are the function of the trial court. *McCall*, 846 So.2d 832.

## DISCUSSION

The WCJ issued oral reasons for judgment in conjunction with its decision to dismiss Ms. Dantley's case against LCMH. Those reasons provide, in pertinent part:

> [Ms. Dantley] testified as to the occurrence of an accident; however, she couldn't really remember any real incident. She made complaints of shoulder pain to Dr. Noble. Ultimately, she had surgery to the shoulder in January of 2005. She testified she didn't report a job injury to Dr. Noble nor to Lake Charles Memorial Hospital because she said, "It wasn't like I broke a leg or something, so I just didn't report it." She and her co-workers even discussed a possible workplace explanation for her disability according to Ms. Dantley. However, no corroborative evidence exists. In fact, the medical evidence casts doubt on Ms. Dantley's version of the incident, and Ms. Dantley even testified no real incident occurred in the workplace. Dr. Noble performed two right shoulder surgeries on Ms. Dantley, and both surgeries were filed and paid for by Ms. Dantley's health care insurer. Ms. Dantley, obviously, is a long time employee of the hospital. The court is not convinced that Ms. Dantley suffered from an occupational disease during the course and scope of her employment with Lake Charles Memorial Hospital. She is unable to carry her burden of proof.

3

Ms. Dantley testified that she never reported an on-the-job accident regarding her right shoulder to LCMH or to Dr. Noble. Nevertheless, she asserts that "[t]he record is full of corroborative evidence" that she received an injury while on the job and that the WCJ's findings to the contrary are clearly wrong and not supported by the evidence. She claims that she reported her shoulder problems to several nurses with whom she worked and that those nurses thought that she should report her injury to the hospital's administration and that it would be covered under workers' compensation. She further claims that, because she was a minimum wage worker with no social life aside from attending church services once a week, she had no opportunity to injure her shoulder outside of work. Ms. Dantley additionally submits that Dr. Noble testified that the type of shoulder injury that she suffered from is one that can be caused by doing the type of housekeeping work that she did at LCMH.

Ms. Dantley's arguments are flawed. Even assuming that she did tell some of her co-workers that she had injured her shoulder at work and that they thought she had suffered a compensable injury, the burden was on Ms. Dantley to present any such corroborating evidence to the WCJ. She did not do so. While Ms. Dantley's simple lifestyle may have made it unlikely that she would suffer a shoulder injury while not at work, she had the affirmative burden of proving that she suffered an injury while on the job at LCMH. Again, she failed to meet that burden as even her own story as to whether and when she suffered an injury at work was inconsistent. Her reliance on Dr. Noble's deposition testimony is also misplaced. He did not state that a shoulder injury such as the one suffered by Ms. Dantley could be caused by the type of activities she performed as a housekeeper at LCMH. What Dr. Noble actually stated was that those type of activities could exacerbate or worsen the condition of

4

someone with rotator cuff degeneration. As pointed out by LCMH, Dr. Noble testified that he thought Ms. Dantley's shoulder problem was possibly cervical in origin. In addition, in a statement that he filled out at the request of Ms. Dantley's income protection insurer, Dr. Noble indicated that Ms. Dantley's disability was not related to her employment.[2] That opinion was echoed in Dr. Noble's trial deposition.

We have reviewed the record in its entirety and are convinced that the WCJ correctly found that no corroborative evidence was presented by Ms. Dantley to substantiate her claim that she suffered a work-related accident. In the absence of any such corroborative evidence, and in the face of her treating physician's opinion that her shoulder disability was not related to her employment, Ms. Dantley's testimony alone was insufficient to discharge her burden of proof. Thus, Ms. Dantley's first and second assignments of error are without merit.

Ms. Dantley claims that the WCJ erred in failing to find that she aggravated her shoulder injury during the period that she continued to work at LCMH after the onset of the initial symptoms of her shoulder injury. Just as she failed to present a scintilla of evidence to corroborate an initial on-the-job shoulder injury, Ms. Dantley likewise failed to offer any evidence to corroborate her claim that she exacerbated any prior injury to her shoulder. Ms. Dantley's third assignment of error lacks merit.

### CONCLUSION

For the foregoing reasons, the judgment of the Office of Workers' Compensation dismissing Mary Dantley's claims against Lake Charles Memorial Hospital is affirmed in its entirety. Ms. Dantley is cast with all costs of this appeal.

**AFFIRMED.**

---

[2]This Attending Physician's Statement is attached to Dr. Noble's deposition as Exhibit No. 2.