STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 10-728


JASON LESTAGE

VERSUS

NABORS DRILLING COMPANY


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 06-04387
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Billy Howard Ezell, Judges.

AFFIRMED.


**George Arthur Flournoy**
**Flournoy, Doggett (APLC)**
**P. O. Box 1270**
**Alexandria, LA 71309-1270**
**(318) 487-9858**
**Counsel for Plaintiff Appellant:**
**Jason Lestage**

**Kevin Andrew Marks**
**Galloway, Johnson, Tompkins, Burr & Smith**
**701 Poydras Street, Suite 4040**
**New Orleans, LA 70139**
**(504) 525-6802**
**Counsel for Defendant/Appellee:**
**Nabors Drilling Company**

**EZELL, JUDGE.**

Jason Lestage appeals a judgment of the workers' compensation judge below dismissing his claim against Nabors Drilling Company. For the following reasons, we affirm the decision of the workers' compensation judge.

Mr. Lestage was working on a Nabors rig in West Helena, Arkansas when he alleges drill pipe elevators pinned his knee against a chain guard. Mr. Lestage claims that when he tried to push the elevators off his knee, he injured his back. After filing a disputed claim for benefits and a trial on the matter, the workers' compensation judge ruled that Mr. Lestage did not meet his burden of proving an accident. Notably, the workers' compensation judge found Mr. Lestage's testimony to be "too inconsistent to be believed." From that decision, Mr. Lestage appeals.

Mr. Lestage asserts four assignments of error on appeal. He claims that the workers' compensation judge erred in not accepting his testimony as valid; in failing to address fraud allegations in its written reasons; in failing to admit untimely produced phone records; and in admitting a letter from one of Nabors' physicians.

Mr. Lestage first claims that the workers' compensation judge erred in disregarding his version of the accident due to "prior inconsequential or inaccurate statements about the incident," thereby violating "jurisprudential precepts applicable in unwitnessed accidental injury cases." In discussing an employee's burden in establishing a work-related accident, this court discussed the applicable law as follows:

> A worker bringing a compensation action against her employer bears the burden of proving, as a threshold requirement, that she suffered "personal injury by accident arising out of and in the course of employment." La.R.S. 23:1031; *Bruno v. Harbert Int'l Inc.*, 593 So.2d 357 (La.1992). The word "accident" as used in La.R.S. 23:1031 is defined as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is

1

more than simply a gradual deterioration or progressive degeneration." La.R.S. 23:1021(1). Jurisprudence has held that an accident may include a routine movement or task that the employee regularly performs, provided that the claimant is able to identify, with some particularity, the time, place, and manner in which the accidental injury objectively manifested itself. *McCall v. Wal-Mart Stores, Inc.*, 02-1343 (La.App. 3 Cir. 3/5/03), 846 So.2d 832, *writs denied*, 03-1329, 03-1343 (La. 9/19/03), 853 So.2d 639, 641.

The plaintiff bears the burden of establishing that a work-related accident occurred by a preponderance of the evidence. *Bruno*, 593 So.2d 357. This burden of proof is applicable even when the worker is the sole witness of the accident. *Id*.

A worker's testimony alone may be sufficient to discharge her burden of establishing a work-related accident provided that no evidence discredits or casts serious doubt upon her version of the incident and the worker's testimony is corroborated by the circumstances following the alleged incident, including medical evidence or the testimony of co-workers, friends, or the worker's spouse. *Id*.

The trial court's determinations as to whether a plaintiff in a workers' compensation case is credible and whether she has discharged her burden of proof are factual determinations that should not be disturbed upon appellate review unless clearly wrong or manifestly erroneous. *Id*.

This court has noted, in the context of a workers' compensation suit, the well-accepted principle that credibility calls are the function of the trial court. *McCall*, 846 So.2d 832.

*Dantley v. Lake Charles Mem'l Hosp.*, 07-1227, pp. 2-3 (La.App. 3 Cir. 3/5/08), 978 So.2d 1117, 1119-20.

Mr. Lestage's version of the accident varied several times. He has claimed that he was pinned for a few seconds or as long as three minutes. He said in his recorded statement to Nabors' claims adjuster that he felt burning in one leg from hip to toe. He later claimed that he immediately went numb bilaterally from the waist down for up to fifteen minutes, yet he continued to work without stopping. Moreover, Mr. Lestage then denied any radiation of his back pain at his initial hospital visit and his chief complaint was pain and bruising on his tailbone. X-rays and an MRI performed on him after the alleged accident showed no signs of

2

abnormality.

Moreover, the inconsistencies in Mr. Lestage's statements are not the only or most damning evidence against his claim. The record contains the statements of three men who worked on the relatively small rig floor with Mr. Lestage: James Baines[1], Jose Martinez, and Carl Santana. Mr. Santana in particular stated that he worked "shoulder to shoulder" with Mr. Lestage. All denied that he ever injured himself. Mr. Lestage continued to work after the alleged accident. He then worked two additional twelve-hour shifts on the two days following the incident, including lifting and moving one hundred pound sacks of gel for up to six hours by his own admission, without trouble, according to Mr. Santana. Martin Crawford, Mr. Lestage's supervisor on the rig, testified that it was Nabors policy to report injuries immediately and that Mr. Lestage never reported being injured to him. He also testified that it would not have been possible for the elevator to pin Mr. Lestage against the chain guard, and that in the unlikely event it did happen, he would have seen it from his position on the floor.

Nabors also introduced a video depicting the drilling floor showing that the elevators, due to their suspended nature, swung back and forth in a pendulum-like manner, making Mr. Lestage's claim of being pinned for seconds unlikely and his claim that he was pinned for three minutes all but impossible. Finally, Nabors introduced a surveillance video of Mr. Lestage effortlessly working on a car and at his current job as a trucker. He performed a range of activities from climbing a ladder and undoing a tarp while nonchalantly talking on a cell phone to unhooking his trailer, bending, stooping, kneeling, walking, and carrying his child on his hip. At no point did he show any signs of discomfort or anguish, in spite of his testimony at trial

---

[1]Mr. Baines' name was spelled both "Banes" and "Baines" in the record.

that bending and squatting caused pain.

The workers' compensation judge clearly found Mr. Lestage to be incredible as a witness, noting that his claims were "too inconsistent to be believed." When factual findings are based on the credibility of witnesses, the fact finder's decision to credit a witness' testimony must be given "great deference" by the appellate court. *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989). The determinations by the workers' compensation judge as to whether the claimant's testimony is credible and whether the claimant has discharged his burden of proof are factual determinations and will not be disturbed upon review in the absence of manifest error or unless clearly wrong. *Bruno v. Harbert Int'l, Inc.*, 593 So.2d 357 (La.1992). Based on the record before us, there is clearly a reasonable factual basis for the workers' compensation judge's decision. We can find no error in the workers' compensation judge's credibility determination as to Mr. Lestage, or in its finding that he failed to carry his burden of proving he sustained a workplace injury.

Mr. Lestage next claims the workers' compensation judge erred in failing to address his allegations of fraud in his written reasons. "[I]t is well settled that a trial court's judgment and reasons for judgment are two separate and distinct legal documents, and appeals are taken from the judgment, not the written reasons for judgment." *McCalmont v. Jefferson Parish Sheriff's Office*, 99-940, p. 6 (La.App. 5 Cir. 1/12/00), 748 So.2d 1286, 1290, *writ denied*, 00-679 (La. 4/20/00), 760 So.2d 1160, (citations omitted). *See also* La.Code Civ.P. art.1918. "[W]ritten reasons are not binding or appealable; only the judgment itself has judicial effect and is subject to appeal." *Guidry v. Gulf Coast Coil Tubing*, 09-621, p. 13 (La.App. 3 Cir. 12/9/09), 24 So.3d 1019, 1027. This assignment requires no action by this court.

Finally, Mr. Lestage asserts two assignments of error dealing with the admission of evidence. Because the assignments are so similar, we shall address them together in the interest of judicial economy.

Mr. Lestage claims that the workers' compensation judge erred in refusing to admit phone records that had not been timely produced, and in admitting a letter from Dr. Michael Duval indicating his belief Mr. Lestage was malingering. "The decision to admit evidence into the record rests within the sound discretion of the workers' compensation judge and will not be reversed in the absence of manifest error." *Jones v. Trendsetter Prod. Co., Inc.*, 97-299, p. 11 (La.App. 3 Cir. 2/25/98), 707 So.2d 1341, 1346, *writ denied*, 98-793 (La. 5/15/98), 719 So.2d 463. Louisiana Revised Statutes 23:1317(A) provides, in part:

> The workers' compensation judge shall not be bound by technical rules of evidence or procedure other than as herein provided, but all findings of fact must be based upon competent evidence and all compensation payments provided for in this Chapter shall mean and be defined to be for only such injuries as are proven by competent evidence, or for which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself.

After reviewing the record as a whole, we can not find that the workers' compensation judge abused his vast discretion in disallowing the phone records which Mr. Lestage admits were not submitted in a timely fashion. Furthermore, considering the relaxed standard for the admissibility of evidence in workers' compensation matters, we can find no error in the workers' compensation judge's admission of the letter from Dr. Duval. These assignments of error are without merit.

For the above reasons, the decision of the workers' compensation judge is affirmed. Costs of this appeal are assessed against Mr. Lestage.

**AFFIRMED.**