SAUNDERS, Judge,
dissents and assigns written reasons.
11 Claimant was injured while pushing a 200 pound laundry cart, a task normally reserved for employees with stronger physical abilities, but which was extraordinary work for this Ms. Bell. Before pushing the cart she had no complaints. Shortly after pushing the cart she began to notice that she had a problem.
While co-worker Solomon and supervisor Guidry could not recall claimant notifying them soon after the event, it is un-contradicted that Ms. Bell did notify coworker Faulk, Nurse Practitioner Hollier, and Workers Compensation Coordinator Thibodeaux.
In my view, this record supports a finding for Ms. Bell as it shows that she sufficiently proved that a workplace accident had occurred.
[I]t is immaterial that [Claimant] could not identify the exact movement she was making or item she was handling at the time of the sudden onset of pain. Importantly, “[t]he ‘actual, identifiable, precipitous event’ may include a routine movement or task that the employee regularly performs, if the claimant is able to identify with some particularity as to time, place and manner, the objective manifestation of the accidental injury.” Thompson v. Orleans Parish Sch. Bd., 00-1230, p. 3 (La.App. 4 Cir. 3/21/01), 786 So.2d 128, 130. Further, “[a]lthough the definition of accident was amended to emphasize that the identifiable, precipitous event must be more than a gradual deterioration or progressive degeneration, jurisprudence holds that these terms do not exclude those instances where a worker can establish a work-related event, which may seem to be a customary or routine work activity, which results in an injury to the employee.” Richard v. Workover & Completion, 00-794, p. 4 (La.App. 3 Cir. 12/6/00), 774 So.2d 361, 364. Thus, we find no merit in this assignment of error and affirm the finding that an “accident” occurred within the meaning of La.R.S. 23:1021(1).
McCall v. Wal-Mart Stores, Inc., 02-1343, p. 3 (La.App. 3 Cir. 3/5/03), 846 So.2d 832, 835-36, writ denied, 03-1343 (La.9/19/03), 853 So.2d 641.
The facts of the present case show that an accident did occur and was reported timely. Certainly, the facts here are at least as strong as those we affirmed in McCall.
The workers compensation judge here was apparently focused disproportionately on Ms. Bell’s inability to identify a precise moment or movement that caused her injury, but that should not have been determinative. What should have been determinative was that she showed that her injury was caused by pushing a heavy cart, which was not a part of her ordinary job duty. By contrast, this Court found in favor of the claimant in the McCall case who was performing her ordinary tasks as *1180 a cashier when she began to feel tired. Accordingly, I respectfully dissent.