STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1542

EDWARD R. BETHEL

VERSUS

LAKE CITY TRUCKING

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 3
PARISH OF CALCASIEU, NO. 10-09336
CHARLOTTE L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Phyllis M. Keaty, Judges.


Amy, J., concurs in part, dissents in part, and assigns reasons.


**AFFIRMED AND RENDERED.**

Mark Zimmerman
Attorney at Law
4216 Lake Street
Lake Charles, Louisiana 70605
(337) 474-1644
Counsel for Plaintiff/Appellee:
    Edward R. Bethel

Jeremy Berthon
Johnson, Stilner & Rahman
Post Office Box 98001
Baton Rouge, Louisiana 70898
(225) 231-0925
Counsel for Defendant/Appellant:
    Lake City Trucking

**KEATY, Judge.**

In this workers' compensation case, Defendant, Lake City Trucking (Lake City), appeals a judgment of the workers' compensation judge (WCJ) in favor of its former employee, Edward Bethel. For the following reasons, we affirm and award Bethel additional attorney fees.

## FACTS AND PROCEDURAL HISTORY

Bethel filed a 1008 Disputed Claim for Compensation (1008) against Lake City and the Louisiana Workers' Compensation Corporation (LWCC) (sometimes collectively referred to as "the defendants") on September 28, 2010, alleging that he injured his neck and right shoulder on June 7, 2010, while "delivering a truck load to Sherman, Tx., when claimant believes he hit a pot hole[, h]is neck jerked sideways and he heard a pop in his neck." He stated that he had not been paid wage benefits and that no medical treatment had been authorized, and he requested that he be awarded treatment with Dr. Clark Gunderson, his choice of physician. Bethel sought penalties and attorney fees, in addition to an award of indemnity and medical benefits. The defendants answered, denying that Bethel had been involved in an "accident," as defined by the Louisiana Workers' Compensation Act, denying that Bethel was acting in the course and scope of his employment if and when any such accident occurred, and denying that Bethel sustained a disabling injury as the result of any such accident.

The matter was tried on July 11, 2011, and the parties were given an opportunity to file post-trial briefs. On September 29, 2011 the WCJ issued oral reasons for judgment and a written judgment in favor of Bethel awarding him: 1) workers' compensation indemnity and medical benefits, including but not limited to out-of-pocket medical expenses related to his work place injury; 2) $2,000 in penalties for the defendants' failure to pay indemnity benefits and $2,000 in

penalties for the defendants' failure to pay medical benefits; and 3) $13,000 in attorney fees for prosecution of his claim.

The defendants now appeal, asserting that the WCJ committed manifest error in finding that Bethel met his burden of proving that he was injured in an on-the-job accident, in awarding penalties and attorney fees, and in awarding excessive attorney fees.

## DISCUSSION

"Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review.  In applying the manifest error standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one." *Foster v. Rabalais Masonry, Inc.,* 01-1394, p. 2 (La.App. 3 Cir. 3/6/02), 811 So.2d 1160, 1162, *writ denied,* 02-1164 (La. 6/14/02), 818 So.2d 784 (citation omitted).

In *Green v. National Oilwell Varco*, 10-1041, pp. 3-4 (La.App. 3 Cir. 4/27/11), 63 So.3d 354, 358, we explained:

> "The determination of coverage is a subjective one in that each case must be decided from all of its particular facts." *Jackson v. Am. Ins. Co.,* 404 So.2d 218, 220 (La.1981).  This court has held that, in light of that standard of review, "great deference is accorded to the [workers' compensation judge's] factual findings and reasonable evaluations of credibility." *Cent. Lumber Co. v. Duhon,* 03-620, p. 3 (La.App. 3 Cir. 11/12/03), 860 So.2d 591, 593, *writ denied,* 04-315 (La. 4/2/04), 869 So.2d 880 (quoting *Garner v. Sheats & Frazier,* 95-39, p. 7 (La.App. 3 Cir. 7/5/95), 663 So.2d 57, 61).

"To establish that a claimant is entitled to workers' compensation benefits, claimant must prove by a preponderance of the evidence that an accident occurred during the course and scope of his employment; the accident caused his injuries; and the injury caused his disability." *Ceasar v. Crispy Cajun Rest.*, 94-30, p. 3 (La.App. 3 Cir. 10/5/94), 643 So.2d 471, 473, *writ denied*, 94-2736 (La. 1/6/95), 648 So.2d 931.

Louisiana Revised Statutes 23:1021(1) defines an "accident," for workers' compensation purposes, as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." Nevertheless, this court has held that the preceding definition "do[es] not exclude those instances where a worker can establish a work-related event, which may seem to be a customary or routine work activity, which results in an injury to the employee." *Richard v. Workover & Completion*, 00-794, p. 4 (La.App. 3 Cir. 12/6/00), 774 So.2d 361, 364. Likewise, "[t]he 'actual, identifiable, precipitous event' may include a routine movement or task that the employee regularly performs, if the claimant is able to identify with some particularity as to time, place and manner, the objective manifestation of the accidental injury." *McCall v. Wal-Mart Stores, Inc.*, 02-1343, pp. 4-5 (La.App. 3 Cir. 3/5/03), 846 So.2d 832, 835-36, *writs denied*, 03-1329, 03-1343 (La. 9/19/03), 853 So.2d 639, 641 (quoting *Thompson v. Orleans Parish Sch. Bd.*, 00-1230, (La.App. 4 Cir. 3/21/01), 786 So.2d 128.

In *Bruno v. Harbert Int'l Inc.*, 593 So.2d 357, 361 (La.1992) (citations omitted), with regard to an unwitnessed accident, the supreme court stated:

> A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Corroboration may also be provided by medical evidence.

Bethel testified that he worked as a long-distance truck driver for Lake City, making deliveries all over the United States and sleeping in a bunk in the back of his 2005 Peterbuilt truck when on a run. He explained that he had an air-ride cab

3

that was separate from the truck's frame and that kept the truck's load still while it bounced around in response to road conditions.

Bethel stated that in late May or early June of 2010, while making a delivery in Greencastle, Pennsylvania, he ran into "some rough roads, hit a pothole, and it jerked me sideways in the seat and I felt a pop and heard a pop in my neck." He explained that when he hit the pothole, the cab shifted sideways and slung him back to the left. It did not bother him at the time, but he awoke the next morning with stiffness and some pain. He took aspirin, which helped initially, but the pain progressively intensified. On June 10, Bethel called Jimmy Saltzman, Lake City's dispatcher, to inform him that he was unable to work. According to emails sent between Saltzman and Sandra O'Connor, another Lake City employee, on June 10, 2010,[1] Bethel reported that he may have a pinched nerve because he had sharp pains in his shoulder and could not feel his thumb and pointer finger. After some discussion, it was decided that Bethel would return to Lake Charles to seek treatment at Business Health Partners (BHP) and that Lake City's workers' compensation insurance carrier needed to be contacted.

Bethel arrived back in Lake Charles late on June 10 and took a cab to BHP early the next morning. According to a medical report from BHP dated June 11, 2010, Bethel complained of pain between his shoulder blades and down his right shoulder with numbness to his fingers. At that time, Bethel did not know how he injured himself. X-rays were taken, and an MRI was scheduled. Upon reviewing Bethel's MRI results, a BHP nurse practitioner certified that he was unable to return to work. In a letter dated June 16, 2010, LWCC Senior Claims Investigator Franziska Cook advised Bethel that a "thorough investigation" had been completed

---

[1] See Defendant's Exhibit 5.

and that his claim was being denied as it determined that his "cervical/neck issues were not the result of a specific incident/accident."

Bethel was examined by Dr. Gunderson, an orthopedic surgeon, on January 21, 2011. Bethel gave him a history of having been injured on June 7, 2010, when he hit a pothole and had developed neck pain over the next three days. At the time of the visit, Bethel was experiencing neck pain radiating into both of his shoulders and down both arms, primarily into his right hand. After examining Bethel and reviewing his X-rays and MRI, Dr. Gunderson was of the opinion that Bethel had sustained a "cervical straining type injury superimposed on degenerative disc disease" and that he had "a nerve root entrapment." Dr. Gunderson prescribed anti-inflammatory and pain medications and recommended that Bethel undergo physical rehabilitation but noted that workers' compensation had previously denied him therapy and other treatment. He further directed that Bethel be put on "no duty" status.

Lake City contends that the WCJ committed manifest error in finding that Bethel met his burden of proving that he was injured by an accident in the course and scope of his employment. In support of its argument, Lake City places great weight on the fact that Bethel was unable to identify the precise date or location of the accident in which he was injured and that Bethel denied having been involved in an accident. It also attaches great significance to the fact that when Bethel initially called Saltzman to state that he was unable to work and when Bethel was examined at BHP, he failed to mention that he had hit a pothole, instead stating that he did not know how he injured himself.

Bethel counters that Lake City denied his claim based upon his initial confusion about what constituted an accident for purposes of workers' compensation and about when and where any such accident occurred even when

5

the evidence later overwhelming supported his claim. Bethel further submits that Dr. Gunderson related his neck symptoms and resulting disability to the work accident described to him by Bethel. Finally, Bethel points out that Dr. James Perry, an orthopedist who evaluated Bethel at Lake City's request, came to the same conclusion as did Dr. Gunderson: that Bethel was suffering from a cervical strain imposed upon preexisting degenerative disc disease.

In finding that Bethel had suffered from a work-related accident entitling him to workers' compensation benefits, the WCJ noted that "when and how the accident occurred" were disputed. Nevertheless, it concluded that Bethel proved by a preponderance of the evidence that "as a result of a rough ride and presumably hitting a pothole, he was involved in a workplace accident." It further determined that no other evidence discredited or cast any serious doubt on Bethel's version of the accident and that the circumstances following the accident supported and corroborated Bethel's testimony.

In his March 11, 2011 deposition, Bethel explained that although he initially believed that he hit the pothole in late May of 2010, later, after consulting his driving logs,[2] he realized that the accident happened in early June, that his pain was noticeably worse on June 7 and unbearable by June 10. He further explained that because he was sixty-five years old and suffered with "pops and creaks all the time," he did not give much thought to the pop that he felt in his neck when he hit the pothole. When his pain increased a few days later, however, he related the rough ride/hitting the pothole to his resulting neck pain. At trial, Bethel testified that after the doctors at BHP "explained what happened as far as - - as the injury to

---

[2] In conjunction with the trial, Bethel offered into evidence copies on Lake City's manifest printouts and bills of lading covering the period of May 26, 2010 through June 19, 2010, which it marked as Exhibits P-1 and P-2. Those exhibits were accepted by the WCJ without objection from the defendants.

[his] neck," he "connected the dots" and realized that his neck injury was a result of hitting the pothole.

After reviewing the testimony and evidence presented at trial, we find no manifest error in the WCJ's determination that Bethel was injured by an accident that occurred in the course and scope of his employment with Lake City, as that determination necessarily required the WCJ to assess the credibility of the witnesses. We conclude that, when viewed in its entirety, the evidence supports Bethel's explanation as to why he initially was confused about exactly when and where he was injured and that he had, in fact, been involved in an accident. Moreover, the courts of this state have consistently applied a liberal interpretation to the work-related accident requirement. *Iberia Med. Ctr. v. Ward*, 09-2705 (La. 11/30/10), 53 So.3d 421. Lake City's first assignment of error lacks merit.

### *Penalties and Attorney Fees*

Louisiana Revised Statutes 23:1201(F) provides that a claimant is entitled to an award of penalties and attorney fees for its employer's failure to pay compensation or medical benefits unless the WCJ finds that the employer reasonably controverted the claim or that nonpayment was the result of conditions not under control of the employer. "Furthermore, the employer has a continuing duty to gather factual and/or medical information in its investigation of the employee's workers' compensation claim." *Celestine v. Firestone Polymers, L.L.C.*, 09-1534, p. 14 (La.App. 3 Cir. 5/5/10), 38 So.3d 527, 538, *writ denied*, 10-1237 (La. 9/17/10), 45 So.3d 1055.

"Awards of penalties and attorney's fees in workers' compensation are essentially penal in nature, being imposed to discourage indifference and undesirable conduct by employers and insurers. Although the Workers' Compensation Act is to be liberally construed in regard to benefits, penal statutes

7

are to be strictly construed." *Williams v. Rush Masonry, Inc.,* 98-2271, pp. 8-9 (La. 6/29/99), 737 So.2d 41, 46 (citation omitted). An appellate court reviews the WCJ's decision to award penalties and attorney fees using the manifest error/clearly wrong standard of review. *Ducote v. La. Indus., Inc.,* 07-1536 (La.App. 3 Cir. 4/2/08), 980 So.2d 843.

In this case, the WCJ assessed Defendants with a $2,000 penalty for failing to pay indemnity benefits and another $2,000 penalty for failure to pay medical benefits. Defendants were assessed with $13,000 in attorney fees.

Lake City contends that because it reasonably controverted Bethel's claim, this court should reverse the WCJ's imposition of penalties and attorney fees. It submits that an employee should not be entitled to an award of penalties and attorney fees simply because he prevails on the underlying issue of compensability. Further, it contends that because this case presented such a close factual question, an award of penalties and attorney fees is not warranted under the circumstances. Alternatively, Lake City contends that even if we were to conclude that the WCJ did not err in imposing penalties against it, this court should reduce the attorney fee award "to a more reasonable and realistic amount."

Bethel counters that penalties and attorney fees were properly awarded because Lake City's denial of his claim was unreasonable. He contends that despite his clarification of the specifics surrounding his injury and the accident that caused it, Lake City continued to ignore the mounting evidence that corroborated his claim. Bethel also points out that Lake City continued to maintain the denial of his claims despite its lack of a medical opinion contradicting Dr. Gunderson's opinion that his neck injury and current disability were caused by his workplace accident. Finally, citing Uniform Rules—Courts of Appeal, Rule 1–3, Bethel argues that Lake City waived any arguments concerning the amount of attorney

8

fees awarded because it failed to contemporaneously object to the fee petition offered by his attorney at trial, thus, never putting the issue of excessiveness before the WCJ.

In sticking with its hasty decision to deny Bethel's claim in the face of the growing evidence that uniformly supported and corroborated that claim, Lake City acted at its own peril. We are convinced that the WCJ did not manifestly err in finding that Lake City failed to reasonably controvert Bethel's claim for medical and indemnity benefits. In addition, because Lake City did not present the issue of whether the attorney fees award was excessive, we will not address that issue for the first time on appeal. Accordingly, we affirm the WCJ''s awards of penalties and attorney fees in their entirety.

*Answer to Appeal*

In his answer to appeal, Bethel requests additional attorney fees for having to answer and defend this appeal. In *Nash v. Aecom Tech. Corp.*, 07-990, p. 8 (La.App. 3 Cir. 2/6/08), 976 So.2d 263, 268, this court held that "[a] workers' compensation claimant is entitled to an increase in attorney fees to reflect additional time incurred in defending an employer/insurer's unsuccessful appeal." We award Bethel an additional attorney fee of $3,500 for the work done on appeal.

**DECREE**

For the forgoing reasons, we affirm. We award Edward Bethel additional attorney fees of $3,500 for having to answer and defend this appeal. Lake City Trucking is cast with all costs of this appeal.

**AFFIRMED AND RENDERED.**

NUMBER 11-1542

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA


EDWARD R. BETHEL

VERSUS

LAKE CITY TRUCKING


AMY, J., concurring in part and dissenting in part.

I agree with the majority in its affirmation of the award of compensation. However, I find that the workers' compensation judge was manifestly erroneous in its award of penalties and attorney fees. Instead, my review of the evidence indicates that the employer reasonably controverted the claim. Accordingly, I would reverse the underlying award of penalties and attorney fees.